MERCHANTS & MANUFACTURERS TRANSFER
COMPANY and J. R. CLEMENTS v. PATSY R.
JOHNSON, Administratrix of the Estate of William
Chester Johnson, Deceased. No. 167.
—403 S.W.(2d) 106.

Eastern Section.  January 14, 1966.

Certiorari Denied by Supreme Court May 16, 1966.

Milligan, Hooper & Harris, Chattanooga, for plaintiffs in error.

H. Keith Harber, Chattanooga, for defendant in error.

PARROTT, J.  William C. Johnson, an employee of the Louisville & Nashville Railroad Company [herein-

after referred to as L & N], was killed while unloading trailers or "piggyback" freight from railway flat cars at the L & N's Wauhatchie Yard near Chattanooga, Tennessee. The accident occurred when the defendant, J. R. Clements, backed a tractor against a trailer, causing it to move approximately 25 inches, pinning Johnson between it and another trailer. Clements was employed by Merchants & Manufacturers Transfer Company [hereinafter referred to as M & M] who had contracted with L & N to furnish tractors and drivers for the purpose of loading and unloading the trailer freight.

This suit is brought by Patsy R. Johnson, surviving widow and Administratrix of the decedent's estate. A judgment based upon a jury verdict of $70,000 was entered against M & M and Clements, from which the defendants have appealed.

Defendants insist the trial court erred in overruling their plea of res judicata based on a suit brought by Patsy R. Johnson against the L & N which was tried in the U.S. District Court. In this suit L & N caused M & M and Clements to be brought in as third party defendants. The jury returned a verdict against L & N but found Johnson guilty of proximate contributory negligence. L & N filed a motion for new trial which was granted on the question of damages only. L & N and plaintiff each filed motions to reconsider, which were overruled. Second motions to reconsider were then filed. While these motions were under advisement, L & N moved to dismiss its third party action against M & M and Clements and an order was entered dismissing the third party action with prejudice. Subsequently, on the motions to reconsider, the district judge entered an order granting a new trial

540

upon all issues and set aside the judgment. Plaintiff then took a voluntary non-suit against the L & N.

Defendants in this suit say the jury's finding plaintiff's decedent guilty of proximate contributory negligence is res judicata and would estop the bringing of a subsequent suit against them by plaintiff. To sustain a plea of res judicata, the party pleading such has the burden of proof and it must appear that the issue of fact or right was not only involved in the former suit but was litigated and determined. Ragsdale v. Hill, 37 Tenn.App. 671, 269 S.W.(2d) 911. It is also essential the parties must be identical, in the same capacity or character in both suits and the decree or judgment in the former suit must be on the merits and final. Harris & Cole Bros. v. Columbia Water & Light Co., 114 Tenn. 328, 85 S.W. 897; Railroad v. Brigman, 95 Tenn. 624, 32 S.W. 762.

Defendants' plea of res judicata in this case must fail. When the district judge granted a new trial on all issues, the basis of the plea disappeared because the granting of the new trial vacated the judgment, leaving no adjudication of the rights of the parties.

What appears to be the universal rule is stated in 30A Am.Jur., Judgments, Sec. 346:

"The doctrine of res judicata prevails as long as the judgment used as a basis thereof remains in full and operative effect, and has not been reversed or otherwise set aside. After a judgment has been vacated or reversed, its effect as res judicata is at an end, and neither party can be estopped by it."

See also Vol. 4, Restatement of the Law of Judgments, Sec. 41(e); Vol. 2, Freeman on Judgments, Sec. 723, Fifth Edition.

The fact the dismissal of the third party complaint came while the judgment was in force and prior to the entry of the order granting a new trial would be of no consequence. The voluntary dismissal or nonsuit by L & N of its third party action would not be a final adjudication on the merits or of the rights of plaintiff and defendants in the present case so as to constitute res judicata.

In Vol. 2, Freeman on Judgments, Sec. 755, 5th Edition, is a discussion on nonsuits and voluntary dismissals:

"While it terminates the action it does not adjudicate its merits. A nonsuit 'is but like the blowing out of a candle, which a man at his own pleasure may light again.' 'And it can make no difference upon what point the motion is allowed, or how the judgment may be framed, or what recitals it may contain.' Under no circumstances will such a judgment be deemed final, whether entered before or at the trial."

We are not called upon and do not decide what effect, if any, the dismissal with prejudice of the third party action would have between L & N and the defendants.

Defendants cite and rely on the case of Hammons v. Walker Hauling Co., 196 Tenn. 26, 263 S.W.(2d) 753, and other cases holding that where the verdict of the jury affirmatively discloses a particular finding with reference to a controlling issue of fact, the plaintiff in that suit is judicially bound by such finding in a subsequent suit by the plaintiff against a different defendant. We believe this to be a correct principle of law but it is not available to defendants in this case because the district judge's action in granting a new trial on all issues vacated the jury's finding and left all issues yet to be decided.

■ The defendants contend the circuit judge erred in striking their special plea of accord and satisfaction. This defense is predicated on a supposed agreement in which plaintiff was to receive $100,000 and give L & N a covenant not to sue. Defendants theorize they were acting as agents and servants of L & N and are entitled to a derivative benefit from the covenant.

In support of their theory they cite Stewart v. Craig, 208 Tenn. 212, 344 S.W.(2d) 761, in which our Supreme Court held that injured parties who have given an employee a covenant not to sue are not entitled to maintain action against employers on the theory of respondent superior.

Defendants assert the converse; i. e., a covenant not to sue the master carries a derivative benefit to the agent for the same reasons.

It is our opinion this case is not controlled by Stewart v. Craig, supra because of the different factual situation. In this case we do not have an executed covenant not to sue nor is there proof of fraud or collusion upon the part of plaintiff and L & N with respect to their concealing such an agreement. Prior to the trial by jury the circuit judge heard testimony of the attorneys for L & N and plaintiff. Each said no agreement existed but numerous conferences had been held and they felt an agreement would be reached but no covenant had been executed. This testimony conclusively shows settlement was still in the stage of negotiation. In view of such testimony, the trial judge acted properly in striking defendants' plea of accord and satisfaction.

■ Also, on this question the defendants have filed a motion in this court asking that we remand the case to the court below pursuant to T.C.A. 27-329 so they may place

in the record proof that after the trial, plaintiff and L & N did execute a covenant not to sue for which plaintiff received a sum of $100,000. It was never the intent of this code section for an appellate court to remand a cause to permit something which happened after the trial to be included as evidence.

In construing this statute, our Supreme Court in the case of State ex rel. Guy v. Foster, 160 Tenn. 285, 24 S.W.(2d) 897, said:

"Such remandment must be based upon the record alone, and not upon matter outside of the record, such as affidavits, etc., for the remandment upon matter outside of the record would require the exercise of original and not appellate jurisdiction." (cases cited)

In view of the above cited rule to remand the cause to permit the introduction of this covenant not to sue, we would be going outside the record. Defendants' motion to remand is overruled.

■■ The final assignment of error is also based on the circuit judge's action in striking defendants' special plea as to the general custom and accepted practice in loading and unloading trailers from railroad cars. Defendants say by striking the plea they were deprived of presenting evidence that it was an accepted and practiced safety custom for the person [as Clements was doing] making the hookup of the trailer to the tractor to stay on the ground.

Generally, evidence of custom, usage and practice is admissible on the issue of due care where the conditions subsisting at the time and place of the accident are similar to those which such custom relates. 65 C.J.S. Negligence sec. 232; Smith v. Roane-Anderson Co., 30 Tenn.App.

458, 207 S.W.(2d) 353; De Ark v. Nashville Stone Setting Corp., 38 Tenn.App. 678, 279 S.W.(2d) 518.

It was probably error for the circuit judge to strike this plea but such error was harmless. The record reveals the circuit judge allowed testimony as to custom, usage and practice. The defendant Clements was questioned at length as to the general procedure of hooking and unhooking these trailers. The introduction of this evidence rendered the error, if any, harmless because defendants were permitted to prove substantially that which had been stricken.

Thus, all assignments of error are overruled, the judgment below affirmed with the costs taxed to plaintiffs in error.

McAmis, P. J., and Cooper, J., concur.