# GERALDINE McCARTY v. BUDGET RENT-A-CAR.

165 N. W. (2d) 548.

February 28, 1969—No. 41334.

*Eugene A. Rerat* and *William J. Young,* for appellant.

*Sullivan & Schiefelbein, Robert G. Schiefelbein, MacIntosh, Cairns & Commers,* and *G. T. MacIntosh II,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion for summary judgment and certifying the issue presented as im-

portant and doubtful, pursuant to Rule 103.03(i), Rules of Civil Appellate Procedure.

The case arises out of a collision on September 30, 1962, between an automobile owned by Budget Rent-A-Car (hereinafter called Budget) and driven, with its consent, by William J. McCarty, Jr., in which car plaintiff was riding as a passenger, and a car owned and driven by Rodney Tweedy. Both plaintiff and McCarty were injured and thereafter commenced an action against Tweedy.

Many of the facts in this action have been stipulated. We have, however, no transcript of the testimony in the action brought by plaintiff and McCarty against Tweedy, so the procedural facts must be gleaned from the pleadings in that case.

The action was originally started by Geraldine Larson and William J. McCarty, Jr. Sometime thereafter the couple were married, and the title of the action was changed to show Geraldine McCarty and William J. McCarty, Jr., as plaintiffs. (For clarity the given names of these parties will be used when necessary.) Tweedy interposed an answer in which he alleged that the accident was caused or contributed to by negligence of the plaintiffs. He also interposed a counterclaim in which he alleged that William was responsible for the collision and that he, Tweedy, was entitled to contribution from William if Geraldine recovered a verdict or judgment against him. No other affirmative relief was asked by Tweedy.

Thereafter, Tweedy impleaded Budget as a third-party defendant. The only relief requested of Budget was that Tweedy recover contribution from it in the event Geraldine recovered damages from him. Budget interposed an answer to the third-party complaint in which it denied that William had been in any manner negligent or caused or contributed to said collision, and it alleged that the collision occurred as a result of the sole negligence of Tweedy. After Budget was impleaded, Geraldine made no attempt to amend her complaint so as to have Budget joined as a party-defendant or to allege that Budget was in any way liable to her. Of course, she could not do so without abandoning her claim that William was in no way responsible for the collision. Budget's liability to Geraldine, if there was any, was vicarious and depended upon proof by Geraldine that William was at least partly responsible for the collision.

The only part Budget took in the trial, so far as the record shows, was that it submitted pretrial interrogatories to both William and Geraldine which related mainly to damages they had suffered, the names of witnesses they would call, whether pictures were taken, and matters of that kind.

The case was submitted to the jury on special interrogatories, in which they were asked to answer: (1) Was Tweedy guilty of negligence? (2) Was his negligence a proximate cause? (3) Was William guilty of negligence? (4) Was his negligence a proximate cause? (5) What were the damages suffered by Geraldine and William? The jury answered that Tweedy was not guilty of negligence, so they did not have to answer question (2). They answered that William was guilty of negligence which was the proximate cause of the collision, and that Geraldine's damages amounted to $6,898.95. No question was submitted as to Budget's liability to Geraldine, nor has there ever been a determination of that issue. Neither has it ever been adjudicated that William was liable to Geraldine, the only finding being that he was guilty of causal negligence which prevented his right of recovery. Inasmuch as Tweedy was absolved of liability, there was no determination that anyone was liable to Geraldine. The only determination made was that plaintiffs recover nothing in that action.

As far as Geraldine is concerned, Budget was not even a party to the action, and certainly was not an adversary. After verdict, post-trial motions for a new trial were made by William and Geraldine, and even then Geraldine did not claim that William was in any way responsible for the collision or that he was liable to her. In a brief submitted in support of the motion, we find the following:

"The finding of the plaintiff McCarty as the sole proximate cause of the accident is supported solely by the testimony of the defendant [Tweedy]. * * *

\* \* \* \* \*

"Should a new trial be granted, plaintiff would be able to produce still more and convincing evidence of the defendant's sole and total responsibility."

Subsequently, the present action was commenced by Geraldine against Budget, alleging that William was driving Budget's car with its consent and that since his negligence had caused the accident resulting in Geraldine's injuries, Budget, under the Minnesota Safety Responsibility Act, Minn. St. 170.54, was vicariously liable to her for her injuries. Motion was then made by Geraldine for summary judgment against Budget on the issues of liability and amount of damages on the theory that Budget was collaterally estopped from contesting these issues due to the fact that in the former action William had been found solely responsible for the accident. The motion for summary judgment was denied and this appeal followed.

For the most part, plaintiff relies on our decision in Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741. In that case we did adopt a more liberal rule than we had formerly followed as to the necessity for mutuality in applying the rule of res judicata or collateral estoppel. Particular importance was attached to Bernhard v. Bank of America Nat. Trust & Sav. Assn. 19 Cal. (2d) 807, 813, 122 P. (2d) 892, 895, where Chief Justice Traynor prescribed certain tests for application of the doctrine:

"'* * * Was the issue decided in the prior adjudication identical with the one presented in the action in question? *Was there a final judgment on the merits?* Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (Italics supplied.)

We think Lustik is distinguishable on its facts from the case now before us. In that case there had been a collision involving two vehicles and one of the drivers was killed. The trustee of the deceased driver, Rankila, brought an action against the surviving driver, Lustik, under our death-by-wrongful-act statute. After commencement of that action, Lustik brought an action for personal injuries against Rankila's administrator. Due to the fact that consolidation was improper in view of our statute requiring the court to instruct the jury on the presumption of due care of a deceased driver in a death-by-wrongful-act action and not in an action brought by a surviving injured person against the administrator of the deceased, the trustee's suit, being filed first, was tried first and a verdict entered against Lustik. Thereafter, the judgment based on this verdict was pleaded as res judicata or collateral estoppel on the issue of

Lustik's contributory negligence in her action against the decedent's administrator. On appeal, Lustik contended that collateral estoppel did not apply because it was not mutual and because the presumption in the death-by-wrongful-act action placed determination of the issues on different grounds. This court held that the presumption-of-due-care statute had nothing to do with Lustik's liability and that collateral estoppel acted as a bar to Lustik's claim, applying the tests set out in Bernhard. We quoted with approval from the New York decision in Good Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 18, 9 N. E. (2d) 758, 759, 112 A. L. R. 401, 403, as follows:

"Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew."

Much could be written on the question of whether the doctrine is used offensively or defensively, but to do so would unnecessarily lengthen this opinion, covering ground which others have exhaustively discussed before. See, Note, 35 Geo. Wash. L. Rev. 1010. In the first of two excellent articles written by Professor Currie, *Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine*, 9 Stanford L. Rev. 281, and *Civil Procedure: The Tempest Brews*, 53 Calif. L. Rev. 25, he took the position that there were some limitations in Bernhard, but in his later article he seems to take the position that the application of the doctrine should be based on an examination of the particular facts of the case to determine whether the one against whom the doctrine is to be applied has had full opportunity to litigate, with sufficient incentive to do so. He seemingly rejects his earlier suggested limitations as to what the courts were doing.

Apparently there is no decision in Minnesota in which one not bound by a judgment in a former action attempted to use that judgment under the doctrine of collateral estoppel to impose liability on one who was at least a technical party. Again it might be mentioned that Budget was not a party in the first action as far as Geraldine was concerned because she never asserted a claim against it. The attempt is to use the doctrine offensively against Budget in spite of this.

Professor Currie said (53 Calif. L. Rev. 37):

"* * * No legal principle, perhaps least of all the principle of collateral estoppel, should ever be applied to work injustice."

No one knows what the result would have been if Geraldine had amended her complaint after Budget was impleaded so as to assert that both William and Tweedy were jointly responsible for the collision, and if she had testified in the same manner. It is entirely conceivable that if the case had reached the jury in that posture, it would have found that both William and Tweedy were responsible. In that case Budget, at best, would be liable only for contribution, assuming that Tweedy was able to respond. Now, after trying the case on a theory under which Tweedy was absolved of liability, Geraldine wishes to switch horses and claim that William was solely responsible and that, as a result, his causal negligence is attributable to Budget, making it liable to plaintiff by virtue of our Safety Responsibility Act. It may be that Budget would have a cause of action against William for indemnity, if he is able to pay (but since Geraldine now wants to reach Budget, that is a doubtful probability).

It was plaintiff's choice whom she would sue. Obviously, she could have sued Tweedy, William, and Budget, had she chosen to do so. Instead, she chose to have William join her as coplaintiff against Tweedy alone.

In his comment to Rule 14, Rules of Civil Procedure, Professor James L. Hetland, Jr., among other things, said (1 Youngquist & Blacik, Minnesota Rules Practice, 1968 pocket part, p. 101):

"Rule 14 does not change the substantive law rights of a claimant to sue one of several joint tort-feasors and to refuse to sue the others. Joining a joint tort-feasor as a third-party defendant under Rule 14 does not force plaintiff to assert his tort claim against the third-party defendant. *The court may not properly enter judgment in favor of plaintiff against the third-party defendant unless the claim has been asserted.*" (Italics supplied.)

Professor Hetland, in support of the above statement, cites McPherson v. Hoffman (6 Cir.) 275 F. (2d) 466, 470, where the court, among other things, said:

"Furthermore the plaintiff had a right to determine for himself whom he would sue. He might have sued the Railroad Company and the McPhersons jointly or he might have sued either separately. 'Joint tort feasors have no right to determine whether they shall be jointly or separately sued for their wrong. This right rests with the party aggrieved and if he elects to sue them jointly he is entitled to a verdict responding to his allegations so that he may have judgment for his entire damages against both of the wrongdoers.' Detroit City Gas Co. v. Syme, 6 Cir., 109 F. 2d 366, 369. *After he had made his choice, neither the court nor the defendant could add another party defendant for him.*" (Italics supplied.)

That is the situation we have here. Not only did plaintiff choose not to sue William, but she joined with him in asserting that the collision was due to the sole negligence of Tweedy. The case was submitted to the jury on that theory, and it would be completely unjust now to permit her to hold Budget liable on the theory that the collision was caused by the sole negligence of William, a position exactly contrary to that she maintained throughout the entire trial against Tweedy. Having made her choice as to whom she would sue and what she would claim and testify to, she should now be bound by that choice. Here, as in other things, she cannot have her cake and eat it too.

We are convinced the trial court was right and that collateral estoppel cannot now be applied against Budget.

Affirmed.