**Griffin BAKER, Plaintiff-Appellant,**

v.

**S/S CRISTOBAL, her engines, tackle, etc., et al., Defendants-Appellees.**

No. 73-2791

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William F. Wessel, Earl J. Higgins, Marvin C. Grodsky, New Orleans, La., for plaintiff-appellant.

John R. Schupp, Asst. U. S. Atty., New Orleans, La., John Moncure, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for U. S. A.

Thomas W. Thorne, Jr., New Orleans, La., for New Orleans Stevedoring.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff appeals the decision of the district court denying him damages for personal injury suffered in the course of his employment aboard the S/S CRISTOBAL. At issue on this appeal is whether or not the method of handling cargo aboard the S/S CRISTOBAL rendered the vessel unseaworthy. The district court held that it did not, and we affirm.

Plaintiff, a robust (6 foot 6 inch, 245 pound) 38 year old longshoreman, and his partner Lawrence Blaise, were assigned to remove pallet boards from a wagon in the hold of the ship and place them in a stack to be lifted away by the ship's gear. Plaintiff was straddling a coupling apparatus on the end of the wagon while he and his partner were moving an empty pallet weighing between 200 and 250 pounds. As he was bending over and lifting the pallet, plaintiff experienced a sharp pain in his back. Surgery was required and plaintiff has since been unable to resume his longshore occupation.

Plaintiff alleges that his injuries resulted from defendant's negligence in failing to provide a safe place in which to work and adequate personnel, and in failing to take other safety precautions, all of which rendered the vessel unseaworthy. Specifically, plaintiff contends that the method of handling cargo aboard the S/S CRISTOBAL amounted to a condition of unseaworthiness, causing defendant to be liable for plaintiff's injuries.

It is well settled that an improper method of handling cargo employed by a stevedore can create an unseaworthy condition. Morales v. City of Galveston, 1962, 370 U.S. 165, 170, 82 S.Ct. 1226, 8 L.Ed.2d 412; Marshall v. Ove Skou Rederi A/S, 5 Cir. 1967, 378 F.2d 193, 196. Thus, the determinative question on this appeal is whether or not defendant employed an improper method of handling cargo.

Plaintiff asserts that the method of handling cargo aboard the S/S CRISTOBAL was improper because plaintiff was required to lift boards that were too heavy for his back to support. As sole substantiation for his claim, plain-

tiff relies upon a Department of Labor publication entitled "Teach Them to Lift," which sets forth "expert" suggestions concerning limits on weights that can safely be lifted. The publication indicates that weights "[t]o be carried by adult male employed in operations requiring lifting and carrying should not normally exceed forty kilograms, 88.2 pounds." The following notation was added in italics:

> The experts agreed that the daily load could be suitably adjusted to varying working and environmental operations, failing nutrition and fatigue of the worker by adjusting the number of packages and weights to be handled.

As the district court properly noted, even though plaintiff was moving half of a 200–250 pound pallet board, the pamphlet upon which he relies fails to establish his claim for two reasons. First, the suggested limits were intended to be flexible; as noted above, plaintiff is unusually robust and could be expected to have substantially more than average lifting ability. Second, the standards applied to "lifting and carrying," whereas the evidence in this case indicated that plaintiff was moving the pallet boards with an easier "sliding" or "rolling" motion. Thus, plaintiff has not demonstrated that the method of handling cargo employed by defendant was improper.

■■ The district court found, and plaintiff does not challenge, that the practice of assigning two men to lift boards of the approximate weight involved here was in accordance with accepted standards in the industry and with custom in the Port of New Orleans. As Judge Wisdom has written for this Court:

> It is true, of course, that "compliance with the customs and practices of an industry is not in itself due care," Schlichter v. Port Arthur Towing Co., 5th Cir., 1961, 288 F.2d 801, cert. den., 368 U.S. 828, 82 S.Ct. 50, 7 L.Ed.2d 32, but it is evidence of due care. When the fact finder has

relied on such evidence, his findings will not lightly be disregarded unless there is a particularly strong showing of the unreasonableness of the customary practice.

Cia Maritima Del Nervion v. James J. Flanagan Shipping Corp., 5 Cir. 1962, 308 F.2d 120, 123. The principle enunciated in *Cia Maritima* applies with equal force in the present context, where the charge is improper procedures rather than defective equipment. In the case before us, plaintiff has not made what could be described as "a particularly strong showing of the unreasonableness of the customary practice."

■ We are bolstered in our conclusion by evidence that individual longshoremen were free to choose any of the several techniques of moving the pallet boards. Plaintiff and his partner could have altered their allegedly unsafe procedure unilaterally without seeking new equipment or practices from their employer. Specifically, the able district judge found that:

> there were alternatives readily available to this crew of two by which they could have handled the pallets in a different way, and they chose purely as a matter of their own work habits to handle it this way.
>
> .    .    .    .    .
>
> The car could have been moved up longitudinally rather than latitudinally to the stacks so that the method of lifting that both men recognized as safe, putting their thighs and leg muscles into the lift, could have been employed.
>
> They didn't choose to do it because they had lifted these pallets of equal weight many times and found it no problem.

Under these circumstances the district court was fully justified in its conclusion that, "[a]t the most, it can be said only that, engaged in a plan of operation that was safe, the plaintiff chose to employ a particular method that was unsafe, and this does not render the vessel unseaworthy."

Affirmed.