## CHARLES STAPLES AND ANOTHER v. HAROLD ZINN.

223 N. W. 2d 415.

November 8, 1974—No. 44410.

*Coulter, Nelson & Sullivan, V. Owen Nelson, George A. Beck,* and *Charles R. Coulter,* for appellant.

*Gerald C. Magee* and *Theodore K. Abe,* for respondents.

Heard before Kelly, Scott, and McRae, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from an order of the Hennepin County District Court

dated April 19, 1973, denying a motion by defendant for an order dismissing the complaint on the grounds of estoppel by verdict. The trial court treated the motion as one for summary judgment[1] and on July 26, 1973, pursuant to Rule 103.03(i), Rules of Civil Appellate Procedure, certified as important and doubtful the following question:

"Generally, the question presented is whether the judgment of an inferior court, such as Conciliation Court, is res judicata or estops a lawsuit involving the same cause of action in a higher court."

Because the trial court's order denying defendant's motion must be affirmed irrespective of the answer to the question posed, we decline to answer it.[2]

This action arises out of a collision which occurred on July 3, 1970, at an intersection in the city of Minneapolis between automobiles operated by plaintiff Charles Staples and defendant, Harold Zinn. As a result of the collision both automobiles were damaged, personal injuries were sustained, and the city's semaphore light which controlled traffic at the intersection was damaged. On August 25, 1970, Staples and his wife, alleging negligence on the part of Zinn, commenced this action in Hennepin County District Court to recover damages in the amount of $101,800 for personal injuries, property damages, and loss of consortium resulting from the collision. Zinn answered by denying any negligence on his part and counterclaimed for damage to his automobile.

---

[1] Rule 103.03(i), Rules of Civil Appellate Procedure, permits appeals based upon certified questions in those instances where the trial court has denied a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.

[2] We have held that certification of doubtful and important issues should not be used to submit hypothetical or speculative questions or to secure an advisory opinion. Rude v. Rude, 283 Minn. 524, 166 N. W. 2d 719 (1969).

On January 11, 1972, the city of Minneapolis commenced an action in Hennepin County Conciliation Court against Staples and Zinn seeking to recover on the basis of defendants' negligence for the damage done to its semaphore light. This action was tried with only the city and Zinn appearing. There was entered a judgment by default for the city against Staples and also a judgment for Zinn against the city. Thereafter Staples moved to vacate the judgment upon the grounds that the summons and complaint had not been served upon him.[3] On June 23, 1972, the judgment as to Staples only was vacated and the matter was scheduled for rehearing on August 31, 1972. As a result of this rehearing, judgment was entered against Staples in the amount of $426.80. Following the entry of this judgment in conciliation court, Staples took those steps necessary to remove the case to the Municipal Court of Hennepin County for trial de novo. Pursuant to statute,[4] this removal required that the conciliation court again vacate the city's judgment against Staples. In connection with this removal, Staples alleged that Zinn was a proper party defendant but, upon motion by Zinn, the municipal court dismissed the claim sought to be made by Staples against Zinn.

In the municipal court action a judgment by default was proved up for $500 with costs and disbursements for the city and against Staples on April 11, 1973, and the judgment was entered in those proceedings on August 17, 1973. This judgment against Staples was later vacated by order of the municipal court on January 7, 1974. In the meantime, on April 19, 1973, Zinn moved to dismiss the present action on the grounds of estoppel by verdict, and the trial court denied the motion but certified as important and doubtful the question set forth above.

The case thus comes to this court upon a state of facts showing no judgment against Staples in any action wherein he was a party or was in privity with a party. The two judgments entered

[3] Minn. St. 488A.16, subds. 5 and 6, provide for vacation of judgments in Hennepin County Conciliation Court.

[4] Minn. St. 488A.17, subd. 6.

against Staples in conciliation court and the one judgment entered against him in municipal court have all been vacated. A vacated judgment has no res judicata or collateral estoppel effect. Hershey v. Meeker County Bank, 71 Minn. 255, 73 N. W. 967 (1898); City of Winona v. Minnesota Ry. Const. Co. 27 Minn. 415, 6 N. W. 795 (1880); Restatement, Judgments, § 41, *Comment d;* 46 Am. Jur. 2d, Judgments, § 465; 50 C. J. S., Judgments, § 625. The only judgments entered against Staples having been vacated, there is extant only the judgment for Zinn in the first action brought by the city in conciliation court. This judgment cannot be the basis for a claim of res judicata or estoppel by verdict, not because the judgment was entered by an inferior court but because it fails to meet the requirements for invoking these doctrines. We have stated these requirements to be as follows: (1) The party against whom the plea is asserted must have been a party or in privity with a party to the prior action; (2) there must have been a final judgment on the merits in the prior action; and (3) the issue in the prior action must have been identical with the one presented in the subsequent action. Schwalich v. Guenther, 282 Minn. 504, 166 N. W. 2d 74 (1969); McCarty v. Budget Rent-A-Car, 282 Minn. 497, 165 N. W. 2d 548 (1969). We need go no further than the first of the above requirements to hold that the facts of the present case do not establish a basis for invoking the doctrines of res judicata or estoppel by verdict, and this is true irrespective of the source of the judgment relied upon by defendant Zinn. In the Schwalich case we said (282 Minn. 506, 166 N. W. 2d 77):

"* * * In other words, the rule of estoppel by verdict will be applied if the party or his privy against whom it is sought to be invoked (plaintiffs in this case) has had both the opportunity and the incentive to fully and fairly litigate the identical issue in the prior action to a final judgment on the merits."

The present case simply does not meet this test.

Because the facts of this case are deemed insufficient to raise

the question certified, we decline to answer it and affirm the trial court's order denying defendant's motion to dismiss.

Affirmed.