**Calvin Curtis EASTERLY, etc., Plaintiff,**

v.

**ADVANCE STORES COMPANY, INC., Defendant.**

**No. CIV-2-76-10.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 3, 1976.
Ruling on Disputed Evidence April
15, 1977.

Robert L. Randal, Jr., Greeneville, Tenn., and Charles R. Terry, Morristown, Tenn., for plaintiff.

G. P. Gaby, and Thomas L. Kilday, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendant.

NEESE, District Judge.

This is a diversity action for damages for personal injuries to a 12-year-old child. 28 U.S.C. § 1332(a)(1), (c). *Inter alia*, the plaintiff claims that the manager of the defendant's retail store negligently sold a 9-year-old companion of such child a product which bore the warning: "Keep away from children."

The defendant moved for a dismissal for the failure of the plaintiff to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. It relied upon decisions from state courts in other jurisdictions * in which in allegedly analogous situations it was held as a matter of law that the consequences of similar sales were not foreseeable.

■ "* * * [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. [Footnote reference omitted.] * * *" *Conley v. Gibson* (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80[5]. Further: "* * * When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss * * * for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. * * *" *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96[3], [4].

Being of the opinion that the plaintiff is entitled herein to present evidence on his claim, the motion of the defendant hereby is

OVERRULED.

## RULING ON DISPUTED EVIDENCE

This is a civil action seeking money damages for the defendant's alleged negligence in selling a product to the minor plaintiff. 28 U.S.C. § 1332(a)(1), (c). At the pretrial conference herein the plaintiff's objections to the defendant's exhibits nos. 11–31, inclusive, were sustained on the ground of irrelevancy. The defendant submitted a brief supporting its contention that such exhibits are relevant and thus admissible at the trial hereof. The plaintiff filed a brief in opposition.

* *Courtney v. American Oil Company* (Fla.App., 1968), 220 So.2d 675; *Traynor et al. v. United Cigar-Whelan Stores Corporation* (1948), 274 App. 800, 97 N.Y.S.2d 329.

The aforementioned exhibits, which were marked for identification only, consist of certain products similar to the product involved herein. Counsel for the defendant represents that the same were "* * * purchased from other retail merchants in the immediate locale of the defendant retailer, and under circumstances closely approximating the purchase by the instant plaintiff. * * *" The defendant contends that such exhibits are relevant, being probative of the issue of its duty of care owed to the plaintiff.

Of course, as was stated by Mr. Justice Holmes many years ago, "* * * [w]hat usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not. * * *" *Texas & P. R. Co. v. Behymer* (1903), 189 U.S. 468, 470, 23 S.Ct. 622, 623, 47 L.Ed. 905, 906; see also *Wabash R. Co. v. McDaniels* (1883), 107 U.S. 454, 2 S.Ct. 932, 27 L.Ed. 605, 608. It has further been stated that:

> What is ordinarily and usually done by men generally, engaged in the same business, occupation, or undertaking, has some relevancy to the inquiry as to what an ordinarily prudent person would do under the same circumstances. Thus, it is generally held that in cases where the method used which resulted in injury is not clearly and inherently negligent or dangerous, evidence is admissible of the general custom of others engaged in the same kind of business, occupation, or undertaking, as to the particular method under investigation, for the consideration of the jury for whatever light it might throw upon the question as to whether or not the method used was or was not negligent under the circumstances of the particular case before the court, although such custom is not conclusive on the issue of due care or lack of it. Conformity with custom is some proof of due care, and nonconformity some proof of negligence * * *.

29 Am.Jur.2d 364–365, Evidence § 318.

In accordance with the foregoing principles, the rule seems well settled that "* * * evidence of the usual and customary conduct of others under similar circumstances is normally relevant and admissible, as an indication of what the community regards as proper, and a composite judgment as to the risks of the situation and the precautions required to meet them. * *" Prosser, Law of Torts (4th ed. 1971), 166, § 33. "* * * This conduct of others, then (1) is receivable as some evidence of the nature of the thing in question, because it indicates what is the influence of the thing on the ordinary person in that situation; but (2) it is not to be taken as fixing a legal standard for the conduct required by law. * * *" II Wigmore on Evidence (3d ed.) 489, § 461.

"* * * Customary practice is not ordinary care; it is but evidence of ordinary care. * * *" *Northwest Airlines v. Glenn L. Martin Company*, C.A. 6th (1955), 224 F.2d 120, 129[12], rehearing denied C.A. 6th (1955), 229 F.2d 434, certiorari denied (1956), 350 U.S. 937, 76 S.Ct. 308, 100 L.Ed. 818, rehearing denied (1956), 350 U.S. 976, 76 S.Ct. 431, 100 L.Ed. 846. Numerous other authorities are in accordance with these rules. See: 57 Am.Jur.2d 428–431, Negligence §§ 77–79; Restatement of the Law Second, Torts (2d), § 295A; anno: Custom As a Standard of Care, 68 A.L.R. 1400; *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, C.A. 5th (1975), 519 F.2d 1178, 1180–1181[3]; *Panger v. Duluth, Winnepeg and Pacific Railway Co.*, C.A. 8th (1974), 490 F.2d 1112, 1117[6]; *Baker v. S/S Cristobal*, C.A. 5th (1974), 488 F.2d 331, 333[2, 3]; *Town of Radcliffe, Iowa v. Carroll*, C.A. 8th (1966), 360 F.2d 321, 324[4], [5]; *Foster v. Buckner*, C.A. 6th (1953), 203 F.2d 527, 530[1–3], certiorari denied (1953), 346 U.S. 818, 74 S.Ct. 30, 98 L.Ed. 345; *George v. Morgan Const. Co.*, D.C.Pa. (1975), 389 F.Supp. 253, 262[7–9], [10], [11], [12]; *cf.* also *Johnson v. Husky Industries, Inc.*, C.A. 6th (1976), 536 F.2d 645, 648[4] (stating the same general rule with respect to "industry standards").

These same rules have been applied by the Tennessee courts. See: *Merchants &*

**10**

■■■■■■■■

*Manufacturers Transfer Co. v. Johnson,* C.A.Tenn. (1966), 55 Tenn.App. 537, 403 S.W.2d 106, 109[5, 6]; *De Ark v. Nashville Stone Setting Corp.,* C.A.Tenn. (1955), 38 Tenn.App. 678, 279 S.W.2d 518, 520–521[2]; *J. Avery Bryan, Inc. v. Hubbard,* C.A.Tenn. (1950), 32 Tenn.App. 648, 225 S.W.2d 282, 287[9]; *Smith v. Roane-Anderson Co.,* C.A. Tenn. (1948), 30 Tenn.App. 458, 207 S.W.2d 353, 355[7]; *Sanford-Day Iron Works v. Moore* (1915), 132 Tenn. 709, 179 S.W. 373; *Railroad v. Wade* (1912), 127 Tenn. 154, 159–160, 153 S.W. 1120.

■ If at trial the defendant establishes a proper foundation for the use of its exhibits nos. 11–31, inclusive, as to the issue of the standard of care to which it was required to adhere, the Court will then admit such exhibits.