Anthony THOMPSON, Appellee,

v.

Wanda STEPHENSON, as Administrator of the Estate of Donald A. Stephenson, Deceased, Appellee,

and

the State of Iowa, Appellant.

No. 67777.

Supreme Court of Iowa.

April 20, 1983.

Thomas J. Miller, Atty. Gen., and John W. Baty, Asst. Atty. Gen., for appellant.

Max E. Kirk and Steven C. McKinstry, of Ball, Kirk & Holm, P.C., Waterloo, for appellee Thompson.

Richard N. Winders and Richard A. Steffen, of Herrick, Langdon & Langdon, Des Moines, for appellee Stephenson.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

This action arises out of a collision between two trucks admittedly caused, in part, by a snow-clearing operation performed by the Iowa Department of Transportation. Two suits were filed as a result of the accident. This court is now asked to decide whether the findings of the court in the first suit were properly used to establish liability and indemnity in the second. We conclude they were not and, therefore, reverse.

I. *Background.*

The following facts are undisputed. On January 29, 1979, a state snowblower was clearing a highway, headed west; the blowing snow was being caught by the wind and blown south into the eastbound lane. Anthony Thompson, driver of an eastbound truck, was stopped, presumably because of the lack of visibility. Thompson's truck was struck from the rear by another truck driven by Donald Stephenson. Stephenson was killed, and the plaintiff Thompson was seriously injured.

Following the accident, the executor of Stephenson's estate sued the State. In that action, the State's answer admitted negligence in failing to warn of the plowing operation. In a nonjury case, the court found that Stephenson was not negligent, and stated: "The sole (only) cause of this tragedy was defendant's negligence in failing to erect warning signs and failing to have a flagman on the highway to warn Donald of the danger that lay ahead." (Parentheses in original.)

The State moved for enlargement and amendment of the court's findings and conclusions, under Iowa Rule of Civil Procedure 179(b). Before the court ruled on the motion, the parties agreed to settle the case. Pursuant to the parties' agreement, they applied to the court for approval of the settlement. The order approving the settlement stated:

> [T]he ruling and judgment of the court filed herein on the 10th day of March, 1981, shall be vacated upon presentation to the plaintiff and her attorneys of a warrant in the amount of $350,000.

The court did not rule on the State's 179(b) motion, which was then pending.

Summary judgment proceedings in the present case then raised the issue of the preclusive effect of the earlier proceedings. In the present case, Thompson sued both Stephenson and the State, and the two defendants cross-petitioned against each other for indemnity. The State now appeals from an order granting partial summary judgment in favor of Thompson in which the court concluded that the State's liability was held to be established by issue preclusion. It also appeals from a summary judgment granting defendant Stephenson's cross-claim for indemnity from the State. On appeal, the State asserts eight grounds of error. We need only consider one, as it is determinative of the case: Whether the judgment in the first action was vacated, and thus, was not a proper basis for issue preclusion.

## II.  *Vacated Judgment.*

■ A.  The State asserts that the order approving settlement left nothing upon which to base preclusion. Thompson and Stephenson argue that, while the order approving settlement stated that the "ruling and judgment" in the Stephenson case were to be vacated, the court had no jurisdiction to do so. They contend the requirements of Iowa Rules of Civil Procedure 252 and 253 are jurisdictional and must be strictly followed in order to confer power upon the court to vacate a judgment.

Iowa Rule of Civil Procedure 252 provides the grounds for vacation of a judgment:

Judgment vacated or modified—grounds. Upon timely petition and notice under R.C.P. 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

(a) Mistake, neglect or omission of the clerk;

(b) Irregularity or fraud practiced in obtaining the same;

(c) Erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record;

(d) Death of a party before entry of the judgment or order, and its entry without substitution of his proper representative;

(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under R.C.P. 244.

Rule 253 supplements rule 252 by establishing the procedure for vacation. It requires a petition for vacation, a notice, trial, and a supplemental judgment. Under rule 253, proceedings to vacate may be brought at any time within a year following entry of the judgment.

It is conceded by the State that the requirements of rules 252 and 253 were not met in the earlier case but, it contends, those requirements were waived. Thompson and Stephenson respond with their argument that these requirements are "jurisdictional" and cannot be waived, citing *Hammon v. Gilson,* 227 Iowa 1366, 1374, 291 N.W. 448, 452 (1940) and *Workman v. District Court of Delaware County,* 222 Iowa 364, 367, 269 N.W. 27, 28 (1936). In those cases, however, the court had lost its jurisdiction following entry of the judgment and expiration of the time for post-trial motions. The parties' attempt to reassert the court's jurisdiction under those circumstances must be contrasted with the present case, where all parties, and the subject matter remained before the court, pending disposition of the post-trial motion. In vacating the judgment, the court's action here did not require a reassertion of jurisdiction of the person or subject matter under rules 252 and 253, as it was never lost. The order of "vacation" was actually more in the nature of a modification of the judgment, under rule 179(b). Any procedural irregularities were waived by the parties, who obtained the order they both sought.

We conclude that the judgment was nullified by the court's order. We now consider

the effect of that nullification on the application of issue preclusion.

■ B. Stephenson asserts that the order of the court was "nothing more" than an approval of settlement, and even if the judgment was vacated, its underlying finding, that the State's negligence was the sole proximate cause of the accident, was not nullified.

First, it must be noted that the court's order appeared to do more than merely approve the settlement; it vacated its "ruling" as well as its "judgment." If the underlying findings, as well as the judgment were nullified, they could have no preclusive effect, because when a judgment is vacated or set aside, it ceases to be final. *Restatement (Second) of the Law of Judgments* § 13, at 132 comment *f* (1982). *See also Staples v. Zinn,* 302 Minn. 149, 151, 223 N.W.2d 415, 417 (1974); *Merchants and Manufacturers Transfer Co. v. Johnson,* 55 Tenn.App. 537, 540, 403 S.W.2d 106, 107 (1966); 46 Am.Jur.2d *Judgments* § 465, at 632–33 (1969); 50 C.J.S. *Judgments* § 625, at 50–51 (1947).

Second, even if we assumed the court's underlying fact findings survived the vacation of the judgment, for purposes of issue preclusion, it is doubtful we should apply it here. The concept of issue preclusion is based upon practical considerations, "on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute." *Restatement (Second) of the Law of Judgments,* § 27, at 252. *Accord,* Kempkes, *Issue Preclusion: Park Lane Hosiery v. Shore Revisited,* 31 Drake L.Rev. 111, 112–13 (1981); *see also* A. Vestal, *Res Judicata/Preclusion* V–7 to V–12 (1969). Even if we were to apply issue preclusion as to the State's negligence in this case, there are other issues which would have to be litigated, including the contributing negligence, of the plaintiff.[1] Under our recent case of

*Goetzman v. Wichern,* 327 N.W.2d 742, 754 (Iowa 1982), the State's negligence would have to be examined in any event, to weigh it against a negligence of the plaintiff under the doctrine of comparative negligence. There would be little, if any, saving of judicial resources if we were to apply issue preclusion here.

We conclude the district court erred in applying the doctrine of issue preclusion.

REVERSED AND REMANDED.

---

1. Because the statement by the trial court in the earlier case, that the sole proximate cause of the accident was the State's negligence, was gratuitous as to this plaintiff and not necessary

to that ruling, it will not preclude litigation in this case, on the issue of this plaintiff's contributing negligence. *See Restatement (Second) of the Law of Judgments* § 27 (1982).