**Dionisio MARTINEZ & Maria Julia Davila, Plaintiffs,**

v.

**SEA LAND SERVICE, INC., Defendant.**

**Civ. No. 83–2904(PG).**

United States District Court, D. Puerto Rico.

Aug. 15, 1984.

As Amended Aug. 29, 1984.

Harry Ezratty, San Juan, P.R., for plaintiffs.

William Graffam, David C. Indiano, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This action was brought by Mr. Dionisio Martinez and his wife, Maria Julia Dávila, to recover for injuries allegedly due to defendant's negligence and to the condition of defendant's vessel, the SS BOSTON.

Defendant filed a motion for summary judgment on May 30, 1984, alleging that plaintiffs failed to prove the facts that could sustain their allegations or which could establish a legal basis for recovery. In support of the motion, Sea Land submitted a statement signed by plaintiff Dionisio Martinez and his deposition taken on February 28, 1984. Plaintiffs filed an opposition thereto, accompanied by an affidavit of plaintiff Dionisio Martinez. Defendant filed a reply to plaintiffs' opposition.

Jurisdiction of this Court is based on 46 U.S.C. § 688, (the Jones Act and the General Maritime Law).

In determining whether summary judgment is appropriate in the present case, the Court must "look at the record ... in the light most favorable to ... the party opposing the motion...." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Also, the Court must allow all inferences favorable to opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "These rules must be applied with recognition of the fact that it is the function of summary judgment, in the true hallowed phrase, to pierce formal allegations of facts in the pleadings...." *Schreffler v. Bowles*, 153 F.2d 1, 3 (10th Cir.1946) and to determine whether exploration of the facts is necessary. *Briggs v. Kerrigan*, 431 F.2d 967, 968 (1st Cir.1970).

Furthermore, F.R.Civ.P. 56(c) establishes a bifurcated standard to govern summary judgment motions. Under this rule a court shall enter judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that (1) there is no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Maiorana v. MacDonald*, 596 F.2d 1072 (1st Cir.1979); *Salgado v. Piedmont Capital Corp.*, 534 F.Supp. 938 (D.P.R.1981).

After examining the pleadings, their annexed exhibits and supporting affidavits, the record in this case now reveals no genuine issue of material fact and that defendants are entitled to judgment as a matter of law.

### Findings of Fact

1. Plaintiff Dionision Martinez is an American merchant seaman with residence in Puerto Rico.

2. Defendant is an American flag shipping company doing business in Puerto Rico.

3. On or about June 23, 1982, defendant hired plaintiff in the port of San Juan, Puerto Rico, to serve in the capacity of ordinary seaman aboard the SS BOSTON.

4. While plaintiff was carrying two boxes of soft drinks from the main deck to the slop chest of the ship, the boxes slipped because the plastic sleeve on one of the boxes was loose. Plaintiff tried to prevent the boxes from falling and twisted his back.

### Conclusions of Law

One of plaintiff's causes of action is grounded on Section 688 of Title 46 of the United States Code (the Jones Act). In order to recover on a Jones Act cause of action, a plaintiff must allege and show that the employer was negligent and that this negligence contributed to plaintiff's injury. *See, generally, Bennett v. Perini Corporation*, 510 F.2d 114, 117 (1st Cir. 1975); *Peymann v. Perini Corporation*, 507 F.2d 1318, 1324 (1st Cir.1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975); N. Morris, *The Law of Maritime Personal Injuries*, 163–168 (3rd Ed.1975). For the employer to be liable under the Jones Act it is not sufficient that an accident has occurred. *Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir.1980). Rather, it is an indispensable element of recovery under the Jones Act that the employer be at "fault".

*See, Kernan American Dredging Co.,* 355 U.S. 426, 432, 78 S.Ct. 394, 398, 2 L.Ed.2d 382 (1958). To be at fault the employer must have created a dangerous situation. *See, e.g., Spinks v. Chevron Oil Co.,* 507 F.2d 216, 223 (5th Cir.1975). Also, to be negligent, the employer must have had knowledge of the problem that created the dangerous situation. *Perry v. Morgan Guaranty Trust Co. of New York,* 528 F.2d 1378, 1380 (5th Cir.1976); *Rice v. Atlantic Gulf & Pacific Co.,* 484 F.2d 1318, 1320 (2d Cir.1973). Plaintiff has the burden of proving that the defendant was negligent and that the defendant's negligence caused plaintiff's injury. *Traupman v. American Dredging Co.,* 470 F.2d 736 (2d Cir.1972); *In re Atlass' Petition,* 350 F.2d 592 (7th Cir.1965), *cert. denied,* 382 U.S. 988, 86 S.Ct. 551, 15 L.Ed.2d 476 (1966).

■ Plaintiff has alleged no facts to indicate that defendant did not exercise due diligence in providing a safe place in which to work and adequate personnel.

Plaintiff did not report the accident to anyone until two or three months after it happened because he "didn't think it had any importance." (Plaintiff's deposition, at 11). During these two or three months he continued working his normal shift aboard the vessel. When he finally made the report, plaintiff did not mention the loose plastic sleeve of one of the boxes of soft drinks. Plaintiff knew the vessel well because he had worked aboard it as an ordinary seaman some years prior to the accident. When asked about the conditions of the SS BOSTON, he answered that there were no defects regarding its equipment or appurtenances nor in its structure (Plaintiff's deposition, at 8). He described the ship as a "magnificent ship" (Plaintiff's deposition, at 15).

Plaintiff's version of how the accident occurred further confirms the absence of negligence. Plaintiff and three to four other persons were each carrying two boxes of soda. It was a customary practice that each crew member carried two boxes at the same time (Plaintiff's affidavit) although "compliance with the customs and practices of an industry is not in itself due care", *Schlichter v. Port Arthur Towing Co.,* 288 F.2d 801 (5th Cir.1961), *cert. denied,* 368 U.S. 828, 82 S.Ct. 50, 7 L.Ed.2d 32 (1961), it is evidence of due care. *Baker v. S/S Cristobal,* 488 F.2d 331, 333 (5th Cir.1974). Plaintiff has not stated nor is there evidence on the record to show that the task required more crew members than the ones that were working on the day of the accident. Plaintiff was free to choose any technique for moving the boxes of soft drinks. He chose as a matter of the crew members' own work habits to handle the sodas two at a time. He could have carried one box in each shoulder or one box at a time. They, plaintiff and the other crew members, did not choose to do it another way because they had probably carried these boxes other times and found it no problem. If plaintiff was injured, it is clear that no negligent act on the part of defendant had anything to do with the accident. *See, e.g., Peymann v. Perini Corporation, supra,* at 1322.

■ Plaintiff's other causes of action are grounded on the theory of unseaworthiness. The duty upon shipowners to provide a seaworthy vessel is absolute and is independent from the duty of reasonable care imposed by the Jones Act. *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).

■ As described in *Castorina v. Lykes Bros. SS Co., Inc.,* 578 F.Supp. 1153, 1156 (S.D.Texas 1984), "the warranty of seaworthiness is not an unconditional warranty of safety, but is a warranty of fitness for duty". *Smith v. American Mail Line,* 525 F.2d 1148 (9th Cir.1975). This warranty extends to the fitness of the ship's appurtenances, *The Osceola,* 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903); crew, *Smith v. American Mail Line, supra;* method of cargo stowage, *Ryan v. Pacific Coast Shipping Co.,* 509 F.2d 1054 (9th Cir.1975); and cargo containers, *Gutiérrez v. Waterman SS Corp.,* 373 U.S. 206, 212–13, 83 S.Ct. 1185, 1189–90, 10 L.Ed.2d 297 (1963); but not to cargo itself, *Smith v. American*

*Mail Line, supra,* at 1150; *see, Morales v. City of Galveston,* 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412 (1962).

There is no allegation in the complaint of any particular condition of the ship which may have caused the alleged injury. To the contrary, plaintiff stated that there were no defects regarding the vessel's equipment or appurtenances, nor in its structure (plaintiff's deposition, at 8). Therefore, there is no allegation of any "condition" in the vessel which would have rendered it unseaworthy nor of any defective equipment or equipment negligently maintained which might have caused the alleged accident and resulting injuries.

Furthermore, as explained before, the record does not show that the task required more crew members than the seamen that were involved in carrying the boxes of soft drinks.

Plaintiff's injury did not arise from his slipping and falling in loose cans of sodas, that where part of the ship's cargo, as in *Gutiérrez v. Waterman SS Corp.,*[*] *supra,* or from the method of stowing and unloading the cargo, as in *Hroncich v. American President Lines,* 334 F.2d 282 (3rd Cir.1964), but from the method employed by plaintiff in handling the cargo. As shown by the evidence on the record, the vessel that plaintiff worked aboard, the SS BOSTON, was seaworthy. The injury occurred not as a result of the ship's unseaworthiness or defendant's negligence, but as the result of an unforseeable accident.

WHEREFORE, in view of the above, since plaintiff has presented no genuine issue of fact, defendant is entitled to judgment as a matter of law. The Court hereby ORDERS that defendant's motion for summary judgment is hereby GRANTED.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

[*] Unlike the facts of the case at bar, the *Gutiérrez* case involved containers designed to perform a function essential to the carriage of goods, which are thus appropriate subjects of a warranty of fitness for the function for which they are designed. *Smith v. American Mail Line,* 525 F.2d 1148, 1150 (9th Cir.1975).