**Dionisio MARTINEZ and Maria Julia Davila, Plaintiffs**

v.

**SEA LAND SERVICE, INC., Defendant.**

Civ. No. 83–2904(PG).

United States District Court, D. Puerto Rico.

Sept. 10, 1984.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is plaintiff's motion to alter or amend our Opinion and Order of August 15, 1984, 589 F.Supp. 841, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and an Addendum to said motion. Defendant filed a motion for an extension of time to file an opposition thereto, which will become moot after this Opinion and Order is issued.

Plaintiff states in his motion that to defeat the summary judgment filed by defendant he has to show that the soda cartons with the plastic sleeve are cargo containers to which the vessel's warranty of seaworthiness extends. Because he failed to do so, we entered summary judgment in favor of defendant.

Plaintiff's version of the accident is that he hurt himself when he was carrying two boxes of soft drinks from main deck to slop chest.[1] The two boxes or cartons of soft drinks carried by plaintiff were not goods transported by a carrier for a price or compensation.[2]

The warranty of seaworthiness is a warranty of fitness for duty. *Smith v. American Mail Line*, 525 F.2d 1148 (9th Cir.1975). This warranty extends to cargo containers. *Gutierrez v. Waterman SS Corp.*, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963). However, the cartons in the case at bar were not loaded into containers designed to perform a function essential to the carriage of goods and which for that reason are considered appropriate subjects of a warranty of fitness for the function for which they are designed. *Gutiérrez v. Waterman SS Corp., supra.* See, e.g., *Ohoud Establishment, etc. v. Tri-State Contracting*, 523 F.Supp. 249 (D.N.J. 1981) (soda cans packed on trays covered

---

1. A "slop chest" is a commissary each vessel is required to maintain to provide members of the crew with clothing, blankets, seamen's gear, tobacco and other incidentals. *Streiffer v. Seafarers Sea Chest Corporation*, 162 F.Supp. 602 (E.D. Louis.1958); *Smith v. U.S.*, 66 F.Supp. 933 (D.C. Md.1946), *aff'd*, 159 F.2d 247, *cert. denied*, 331 U.S. 849, 67 S.Ct. 1735, 91 L.Ed. 1858; 46 U.S.C.A. § 11103; Martin J. Norris, *1 The Law of Seamen*, § 168 (3d ed.).

2. No bill of lading appears from the evidence on record describing the contents of a container.

with "shrink wrap" sent to National Brands warehouse, where the trays were handpacked into twenty-foot containers and sealed for the ocean carriage to the Middle East); *Croft & Scully Co. v. M/V Skulptor Vuchetich,* 664 F.2d 1277 (5th Cir.1982) (cases of soft drinks loaded into steel containers provided by a shipping company for the ocean carriage to the middle eastern country of Kuwait).

WHEREFORE, in view of the above the Court ORDERS that plaintiff's motion to alter or amend the Opinion and Order filed on August 24, 1984, be and is hereby DENIED; and FURTHER ORDERS that defendant's motion for extension of time to file an opposition is MOOT.

IT IS SO ORDERED.