831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray Darris THOMPSON, Plaintiff-Appellant,
v.
Bruce McDONALD, Warden, Defendant-Appellee.
 No. 87-5512.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. 42 U.S.C. Sec. 1983. He also moves to strike the appellee's brief, to strike the joint appendix, and to supplement the record. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time he filed his complaint, the plaintiff was a prisoner at the West Tennessee Reception Center. The defendant is the warden at the Center. The plaintiff requested injunctive relief and damages concerning the warden's refusal to grant the plaintiff an emergency furlough to be with his terminally ill daughter. The plaintiff alleged that the prison policies established a due process right to such a furlough when the inmate qualified under the appropriate criteria. The district court dismissed the case on the basis of res judicata because the plaintiff's earlier state court mandamus action had held that the warden's decision concerning such furloughs was discretionary. (The state court decision noted that the plaintiff was allowed to visit his daughter numerous times in the company of guards.)
 
 
 3
 In his brief, the plaintiff argues that the state trial court's judgment denying the mandamus petition cannot be given preclusive effect because the plaintiff's subsequent appeal was dismissed as moot. State law controls res judicata issues. 28 U.S.C. Sec. 1738; Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Tennessee, the res judicata effect of a judgment remains in place until a judgment is reversed or vacated. Whitfield v. City of Knoxville, 756 F.2d 455, 459 fn. 6 (6th Cir.1985); Merchants & Manufacturers Transfer Co. v. Johnson, 55 Tenn.App. 537, 403 S.W.2d 106, 107 (1966). When the state appellate court dismissed the plaintiff's appeal, it did not vacate the trial court's judgment. Therefore, the judgment retains its preclusive effect.
 
 
 4
 Under the doctrine of collateral estoppel, when an issue has been actually and necessarily determined in a former action between the parties, that determination is conclusive upon them in subsequent litigation. King v. Brooks, 562 S.W.2d 422, 424 (Tenn.1978). In the present case, the state trial court in the mandamus action determined that the warden's decision concerning emergency furloughs was discretionary. This holding decides the same issue that would need to be determined concerning the plaintiff's alleged liberty interest under the due process clause. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Because this issue was actually and necessarily determined in the prior action, the state court's decision on the issue is conclusive in the district court litigation. Therefore, the district court's judgment can be affirmed.
 
 
 5
 The plaintiff's various motions are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.