# DORA MAE DE ARK v. NASHVILLE STONE SETTING CORPORATION.

# CHARLES DE ARK v. NASHVILLE STONE SETTING CORPORATION—279 S. W. (2d) 518.

Middle Section.   February 25, 1955.

Petition for Certiorari denied by Supreme Court, June 10, 1955.

680

George H. Armistead, Jr., and Charles L. Cornelius. Jr., both of Nashville, for plaintiffs in error.

T. O. Morris and Joseph G. Cummings, and Hume, Howard, Davis & Boult, all of Nashville, for defendant in error.

FELTS, J.   These two cases were tried together. Mrs. DeArk sued to recover for injuries sustained by her from falling into an excavation adjoining a sidewalk in Madison, Tennessee. Her husband, Charles DeArk, sued to recover for loss of her services and expenses incident to her injury.

The excavation had been made in the course of the construction of a building for the First American National Bank, the owner. The Bank employed R. C. Mathews, Inc., as its general contractor, to construct the building. Mathews employed Ira L. Hoffman as subcontractor, who in turn employed the Nashville Stone Setting Corporation to do a certain part of the work in and about the excavation.

The accident happened on December 17, 1952, at about 5:30 P.M.—after dark. The excavation, extending from the front wall of the building to the edge of the sidewalks, was uncovered, unguarded, and unlighted. Unaware of its presence, Mrs. DeArk, walking with her husband on the sidewalk, fell into the hole and sustained serious injuries.

The suits were brought against the Nashville Stone Setting Corporation and the other three named, the Bank, Mathews, and Hoffman, charging that they created and maintained near the sidewalk a condition which endangered persons lawfully using the walkway, and were thereby guilty of negligence causing the injuries sued for.

Before the trial began nonsuits were taken as to all of the defendants except the Nashville Stone Setting Corporation, and the cases went to trial against this defendant alone. At the close of the evidence for plaintiffs, the Trial Judge directed verdicts in favor of defendant Nashville Stone Setting Corporation and entered judgments dismissing the suits. Plaintiffs appealed in error.

They assign this action of the Trial Court as error; and the main questions debated by learned counsel are, whether in the circumstances in evidence, this defendant owed a duty of care to plaintiff; and if so, whether the evidence would have permitted a finding by the jury that defendant breached this duty and was guilty of negligence causing the harm sued for.

Learned counsel sharply differ in their views of the evidence and in their inferences therefrom. It is not for us, however, to settle such differences. That would have been the province of the jury. In testing whether a verdict should have been directed for defendant, we must view the evidence most favorable to plaintiff and allow all reasonable inferences therefrom in his favor. Smith v. Sloan, 189 Tenn. 368, 376-377, 225 S. W. (2d) 539, 227 S. W. (2d) 2.

The contract called for the construction of an ornamental stone flower box in front of the building. For this purpose, Mathews, the general contractor, dug a ditch about three feet deep and two or three feet wide, extending from

the front wall to the edge of the sidewalk. He laid a concrete foundation in the ditch, and his subcontractor, Hoffman, built a wall of concrete blocks up to the ground level, and defendant Nashville Stone Setting Corporation built a stone facing from the ground up to the height of the flower box.

This foundation and wall filled only a small part of the ditch and the ditch remained open while the work was being done. To keep pedestrians, passing along the sidewalk, from inadvertently stumbling or walking into this hole, Mathews put up barricades around it. But it was necessary to remove them during the progress of the work to enable the workmen to walk and work in and around the excavation.

In such a case, where a barricade is removed for a subcontractor, there is a custom of the building trade which makes it the subcontractor's duty, before leaving the site of the work, to replace the barricade for the protection of the public.

Plaintiffs offered evidence of this custom by the architect. But, upon objection of defendant, this evidence was excluded by the Trial Judge. We think this was error. The evidence of such a custom was competent and admissible as tending to prove the standard of conduct of reasonable men. Edmund M. Morgan, Basic Problems of Evidence (March 1954) pp. 181-182; Nashville, C. & St. L. Ry. v. Wade, 127 Tenn. 154, 159, 153 S. W. 1120, Ann. Cas. 1914B, 1020.

This error, however, was not very harmful, because this custom was proved by other evidence without objection. Mathews testified that it was common practice for a subcontractor to remove a barricade in order to work in and around an excavation; and the witness Hagewood said

that in such case it was standard practice for the subcontractor to replace the barricade before leaving the work.

On December 17th, the day of the accident, employees of defendant Nashville Stone Setting Corporation worked in and about this excavation, setting the stone veneering on the flower box. It appears they were the only workmen at or near this excavation that afternoon. They did not complete the work but quit to go elsewhere to work. They left the site between one and two P.M., without replacing the barricades around the excavation and without doing anything to warn the public of this danger.

When they left the site the excavation was open, unguarded, and unlighted; and so far as appears from the record it remained in the same condition until Mrs. De-Ark fell into it that night. None of Hoffman's men were at the site that afternoon, and Mathews' foreman was engaged inside the building and did not know when the employees of Nashville Stone Setting Corporation left or that they had left without replacing the barricades.

In these circumstances we think this defendant owed a duty of care to plaintiff. Generally speaking, everyone owes to everyone else the duty of exercising ordinary care not to injury him—the duty to refrain from conduct which may reasonably be expected to injure other persons. Nashville, C. & St. L. Ry. v. Wade, supra; Vaughn v. Millington Motor Co., 160 Tenn. 197, 201, 22 S. W. (2d) 226; Prosser on Torts, pp. 178-182.

The public right of passage in a road, street, or sidewalk, carries with it the obligation upon occupiers of abutting land to use reasonable care not to endanger such passage, by excavations or other hazards so close to the public way as to make it unsafe to persons using it with

ordinary care. Niblett v. Mayor, etc., of City of Nashville, 59 Tenn. 684, 687; McHarge v. M. M. Newcomer & Co., 117 Tenn. 595, 608-615, 100 S. W. 700, 9 L. R. A., N. S., 298; City of Knoxville v. Baker, 25 Tenn. App. 36, 150 S. W. (2d) 224.

This rule applies not only to occupiers of abutting land but to all other persons undertaking any works involving danger to the public. Speaking of this rule, Pollock on Torts (Fourteenth Ed., 1939) p. 418, says:

"It likewise appears that the rule extends to all persons undertaking works involving danger to the public; and the recent tendency of the Courts is to enforce this as a broad and wholesome rule of public policy and discourage minute objections."

The rule is well stated in 25 Am. Jur., Highways, sec. 530, p. 811:

"The general rule is that one who creates or maintains, on premises adjacent to a highway, a condition of such character that danger of injury therefrom to persons lawfully using the highway may or should, in the exercise of ordinary care, be foreseen or apprehended is under the duty or exercising reasonable care, by means of guards, barriers, or otherwise, to prevent such injury, * * *."

It is argued for defendant, however, that Mathews, the general contractor, was bound by his contract with the bank to maintain safeguards to prevent accidents and to take all other precautions for the protection of the public; that defendant Nashville Stone Setting Corporaation was entitled to assume that the general contractor would comply with his contractual obligations to maintain barricades, etc.; and that therefore this defendant had no duty to replace such barricades.

■ The contractual obligations control the rights between the parties themselves but do not touch the rights of other persons or the public. The duty of every man to use due care not to harm his neighbor is imposed by law independently of contract; and the contractual agreements of the parties are wholly immaterial in these tort actions. Vaughn v. Millington Motor Co., supra; Boyd v. Coca Cola Bottling Works, 132 Tenn. 23, 28, 177 S. W. 80; Prosser on Torts, p. 182.

■ Contract and tort are two wholly distinct and separate spheres in the law. ''Contractual liability is completely irrelevant to the existence of liability in tort.'' Winfield, Textbook of the Law of Tort (Second Ed., 1943), p. 442. For this reason, we think the Trial Court should have sustained plaintiffs' motion to strike the evidence introduced relating to the indemnity provisions in the contracts among the parties.

■ Our conclusion is that the jury could have reasonably found from the evidence that this defendant owed a duty to exercise reasonable care not to endanger plaintiff and others using the sidewalk, by leaving this excavation uncovered, unguarded, and unlighted; and that defendant breached this duty and was guilty of negligence causing the damages sued for.

The judgment of the Circuit Court is reversed and the cases are remanded for a new trial. The costs of the appeal in error are adjudged against defendant Nashville Stone Setting Corporation.

Howell and Hickerson, JJ., concur.