FILED
11/05/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 3, 2018 Session

## MELBA P. MERSHON, SURVIVING SPOUSE OF RONDELL M. MERSHON EX REL. HYLAND M., ET AL. v. HPT TA PROPERTIES TRUST ET AL.

Appeal from the Circuit Court for Williamson County
No. 2017-121      Deanna B. Johnson, Judge

_____

### No. M2018-00315-COA-R3-CV

_____

A motor vehicle accident on the roadway abutting a truck stop resulted in the death of the plaintiff's husband. The driver of the vehicle turning left into the truck stop was using the entrance meant for semi-trailer trucks and had a limited view of oncoming traffic due to a hill that crested a short distance ahead. The plaintiff filed a negligence claim against the truck stop owners and operators, asserting they created a hazardous condition by failing to place visible signage on their property directing passenger vehicles to the appropriate entrance. The defendants moved to dismiss the complaint, contending they owed no duty to the traveling public because the collision occurred on a municipal road, not on their property. The trial court granted the motion to dismiss, and the plaintiff appealed. We reverse the trial court's judgment, holding that a balancing test is required to determine whether the defendants owed a duty to the plaintiff's husband and that dismissing the complaint is premature at this stage of the proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Colin Brett Calhoun and Michael Ben Moore, II, Nashville, Tennessee, for the appellants, Melba P. Mershon, Hyland M. Mershon, and Cadynce M. Mershon.

Richard Charles Mangelsdorf, Jr., and Brian Walthart, Nashville, Tennessee, for the appellees, HPT TA Properties Trust and TA Operating LLC.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case centers around a motor vehicle accident that occurred on October 6, 2016, when a motorcycle driven by Rondell M. Mershon collided with a sports utility vehicle driven by Kenneth Page as Mr. Page was turning left into a truck stop owned and operated by HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America (collectively, "the TA Defendants"). The accident occurred around 9:25 a.m. as Mr. Mershon was traveling southbound on Long Lane, in Franklin, on his way to work. Mr. Page was traveling northbound on Long Lane, and he was in the center turn lane of the road. As Mr. Page attempted to turn left into the TA truck stop, Mr. Mershon crashed into the rear door of the sports utility vehicle on the passenger side. Mr. Mershon went into cardiac arrest and was pronounced dead shortly thereafter.

Mr. Mershon's wife, Melba P. Mershon, filed a complaint against Mr. Page on behalf of herself and her two young daughters, as wrongful death beneficiaries of Mr. Mershon, and she later amended the complaint to add the TA Defendants as parties. Ms. Mershon settled her claims against Mr. Page, leaving the TA Defendants as the only defendants. Ms. Mershon's claim against the TA Defendants is for negligence. Ms. Mershon asserts that Mr. Page was turning into the entrance of the truck stop meant for semi-trailer trucks, not passenger vehicles, and that the accident would not have occurred if the TA Defendants had placed visible signs directing Mr. Page to the proper entrance for passenger vehicles. Ms. Mershon asserts in her complaint that passenger vehicles traveling northbound on Long Lane have limited visibility of vehicles traveling southbound at the location on Long Lane where semi-trailers are meant to turn into the truck stop due to a hill that crests a short distance ahead. The entrance into the truck stop meant for passenger vehicles is situated further north on Long Lane beyond the crest of the hill, where there is a clearer view of oncoming traffic.

The TA Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6). Because the collision occurred on a public roadway adjacent to their place of business, the TA Defendants argued they owed no duty to the traveling public to provide signs directing drivers into or out of its truck stop. The trial court agreed with the TA Defendants and dismissed Ms. Mershon's complaint, holding that the TA Defendants "owed no duty to Mr. Mershon because the hazardous condition that caused the collision did not exist on Defendants' property." According to the trial court:

> Plaintiff's loss is not attributable to a condition located on Defendants' property. According to her complaint, the hazardous condition is the limited visibility due to the topography of the roadway. Consequently, Defendants had no duty to warn persons entering its property of the

- 2 -

condition. For this reason, the Court holds that Plaintiff has failed to state a claim against Defendants as a matter of law.

Ms. Mershon appeals, arguing that the trial court erred in ruling that the TA Defendants owed no duty to Mr. Mershon. Ms. Mershon contends the TA Defendants created a hazardous condition by failing to place a prominent and clearly visible sign at the truck entrance and that their failure to place such a sign gave rise to an unreasonable and foreseeable risk of harm.

## II. ANALYSIS

### A. Standard of Review

A motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6) challenges "the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). "A defendant who files a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). Courts are required to '"construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences."' *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). Factual inferences and legal conclusions set forth in a complaint are not taken as true, however, when a court is ruling on a motion to dismiss. *Id.* at 434 (citing *Riggs v. Burson*, 941 S.W.2d 44, 48 (Tenn. 1997)); *see also Strategic Capital Res., Inc. v. Dylan Tire Indus.*, LLC, 102 S.W.3d 603, 607 (Tenn. Ct. App. 2002) (citing *Elliott v. Dollar Gen. Corp.*, 475 S.W.2d 651, 664 (Tenn. 1971)).

A motion to dismiss is resolved by reviewing the pleadings and nothing else. *Webb*, 346 S.W.3d at 426 (citing *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010)). '"While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, it must contain direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested . . . by the pleader, or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."' *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004) (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977) (internal quotations omitted) (emphasis omitted)). Appellate courts review a trial court's resolution of a motion to dismiss de novo. *Webb*, 346 S.W.3d at 426.

B. Negligence

To prevail on her negligence claim, Ms. Mershon is required to prove the following elements:

(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000) (citing *White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998), and *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). The factual allegations in Ms. Mershon's complaint supporting her negligence claim include the following:

25. At all times material hereto, Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America owned, operated, controlled, maintained, managed, supervised and/or were otherwise responsible for the TA truck stop located at 4400 Peytonsville Road, Franklin, Tennessee 37064.

26. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America, individually, and by and through their agents and/or joint venturers, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, site design, management, maintenance, supervision, control and operation of the TA truck stop and each of its employees, agents, servants and independent contractors, all to the benefit of customers seeking ingress to the TA truck stop and to persons traveling on Long Lane.

27. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America owed Mr. Mershon a duty as a motorist traveling southbound on Long Lane to direct its customers into the proper entrance of the TA truck stop, as it was reasonably foreseeable that a collision would occur if a car, pickup truck, sport utility vehicle or recreational vehicle turned into the truck only entrance, as opposed to the entrance for cars, pickup trucks, sport utility vehicles and recreational vehicles, due to limited sight visibility of oncoming traffic traveling southbound on Long Lane.

28. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America breached this duty of care owed to the public at large and Mr. Mershon by failing to place prominent and clearly visible

signage on its property directing Defendant Page to the entrance for cars, pickup trucks, sport utility vehicles and recreational vehicles.

29. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America knew of the hazardous condition posed by its failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop.

30. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America failed to ensure reasonably safe ingress into the TA truck stop by failing to warn Defendant Page and Mr. Mershon of the hazardous condition posed by its failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop, the existence of which they knew, or, in the exercise of ordinary care, should have known.

31. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America had actual and/or constructive notice that its failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop posed a hazardous condition to customers traveling northbound and entering the TA truck stop from Long Lane, as well as motorists traveling southbound on Long Lane; namely Defendant Page and Mr. Mershon.

32. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America knew of the hazardous condition posed by its failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop and failed to remedy or remove the hazardous condition, or otherwise use reasonable safeguards, to protect customers traveling northbound on Long Lane and entering the TA truck stop, as well as motorists traveling southbound on Long Lane; namely, Defendant Page and Mr. Mershon, from the unreasonable risk of harm posed thereby.

33. Defendants HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America created and/or maintained the hazardous condition posed by its failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop despite the feasibility of remedying or removing the hazardous condition, or employing additional safety measures to protect customers traveling northbound on Long Lane and entering the TA truck stop, as well as motorists traveling southbound on Long Lane; namely, Defendant Page and Mr. Mershon, from the unreasonable risk of harm posed thereby.

34. Defendants' acts of negligence directly and proximately caused the motor vehicle collision resulting in Mr. Mershon suffering catastrophic injuries and death.

As can be seen, Ms. Mershon asserts that the TA Defendants owed a duty of care to Mr. Mershon, that they breached their duty by failing to display visible signs on their property, that Mr. Mershon suffered an injury, that Mr. Mershon's injury was caused by the TA Defendants' breach of their duty, and that the TA Defendants' conduct directly and proximately caused the collision that led to Mr. Mershon's death.

The trial court did not address any aspect of Ms. Mershon's negligence claim other than that of duty. Once it determined that the TA Defendants did not owe Mr. Mershon a duty of care, the trial court concluded the negligence claim could not succeed as a matter of law and granted the TA Defendants' motion to dismiss. *See Estes v. Peels*, No. E1999-00582-COA-R3-CV, 2000 WL 1424808, at *3 (Tenn. Ct. App. Sept. 21, 2000) (stating "without the establishment of a duty, there can be no negligence"). As a result, our review is limited to determining whether the trial court erred in concluding that the TA Defendants did not owe Mr. Mershon a duty of care on October 6, 2016, when he collided with Mr. Page's sport utility vehicle as Mr. Page was turning left into the TA Defendants' truck stop.

The issue whether the TA Defendants owed Mr. Mershon a duty of care is a question of law for the court. *See Staples*, 15 S.W.3d at 89; *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). In *Staples v. CBL & Assocs., Inc.*, the Tennessee Supreme Court defined duty in the negligence context as "the legal obligation a defendant owes to a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of harm." *Staples*, 15 S.W.3d at 89 (citing *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996), and *McCall*, 913 S.W.2d at 153). To determine whether a duty is owed in a particular case, a court must decide "'whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant.'" *Rice*, 979 S.W.2d at 308 (quoting *Bradshaw v. Daniel*, 854 S.W.2d 865, 870 (Tenn. 1993)). A court "must apply a balancing approach, based upon principles of fairness, to identify whether the risk to the plaintiff was unreasonable." *Staples*, 15 S.W.3d at 89 (citing *Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997)).

"[A] 'risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm.'" *Id.* (quoting *McCall*, 913 S.W.2d at 153, and *Rice*, 979 S.W.2d at 308). When determining whether a risk is unreasonable, a court must take several factors into account, including the following:

the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance of social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

*Id.* (quoting *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), and *McCall*, 913 S.W.2d at 153). Even if the foreseeability and gravity of harm from a defendant's conduct is open and obvious, a defendant has a duty to act with reasonable care and "engage in alternative conduct to avoid the harm" if the foreseeability and gravity of the potential harm outweighs the burden on the defendant to prevent the harm. *Rice*, 979 S.W.2d at 308-09 (citing *Coln*, 966 S.W.2d at 43). The *Rice* Court has made it clear that a premises owner or occupier has no duty "to remove or warn against 'conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" *Id.* at 309 (quoting W. Page Keeton, PROSSER & KEETON ON TORTS, § 61 at 426 (5th ed. 1984)).

Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. "[T]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, *and that some action within the [defendant's] power more probably than not would have prevented the injury*."

*Id*. (quoting *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992) (citations omitted)).

The TA Defendants contend they owed no duty to Mr. Mershon or Mr. Page to display visible signs directing passenger vehicles to the correct entrance off Long Lane because the collision occurred off their premises, on a public roadway. The fact that the collision took place on a public road abutting the truck stop, however, does not insulate the TA Defendants from liability. As the Court of Appeals wrote in *De Ark v. Nashville Stone Setting Corporation*, 279 S.W.2d 518 (Tenn. Ct. App. 1955), "[t]he public right of passage in a road, street, or sidewalk, carries with it the obligation upon occupiers of abutting land to use reasonable care not to endanger such passage, by excavations or other hazards so close to the public way as to make it unsafe to persons using it with ordinary care." *De Ark*, 279 S.W.2d at 683-84. The *De Ark* case involved a woman who fell into an excavation site adjoining a public sidewalk. *Id.* at 680.

In *Estes v. Peels*, No. E1999-00582-COA-R3-CV, 2000 WL 1424808 (Tenn. Ct. App. Sept. 21, 2000), the defendants made an argument similar to that of the TA

Defendants, and the facts of that case are more analogous to those here. The plaintiff in *Estes* was traveling eastbound on a public highway near the entrance to a manufacturing plant belonging to the defendant company. *Estes*, 2000 WL 1424808, at *1. An employee of the company had just finished her shift and was exiting the parking lot to drive westbound along the highway. *Id.* The parking lot's exit was wide enough where it met the road to allow two vehicles to exit simultaneously. On the day in question, the employee was on the right side of the exit, next to a pickup truck that was also exiting. *Id.* The plaintiff was approaching from the employee's left, and when the employee pulled out of the parking lot to turn left, she collided with the plaintiff's car. *Id.* The plaintiff, along with her husband, filed a complaint asserting that both the employee and the company were negligent. *Id.* The plaintiffs alleged that the company failed to control its employees' access to the highway, resulting in its employees' entering the highway without being able to see oncoming traffic. *Id.* Similar to Ms. Mershon's position here, the plaintiffs in *Estes* alleged that the company was aware of the hazardous condition "but had failed to take corrective measures to restrict access onto the public highway." *Id.*

The company moved for summary judgment. *Id.* The trial court granted the company's motion, noting that the plaintiffs failed to show that the company was on notice of a dangerous situation where the accident occurred or that the company could have reasonably foreseen that the plaintiffs would be injured in the way that they were. *Id.* at *2. The plaintiffs appealed, and the Court of Appeals addressed the circumstances in which "an owner or occupier of premises may owe a duty to persons on a public thoroughfare adjacent to the premises." *Id.* at *5. The court relied on the following language from the *De Ark* opinion:

> "The general rule is that one who creates or maintains, on premises adjacent to a highway, a condition of such character that danger of injury therefrom to persons lawfully using the highway may or should, in the exercise of ordinary care, be foreseen or apprehended is under the duty or [sic] exercising reasonable care, by means of guards, barriers, or otherwise, to prevent such injury . . . ."

*Id.* at *6 (quoting *De Ark*, 279 S.W.2d at 521). Recognizing that the plaintiffs did not "enter onto" the company's property or "come into contact with any condition on the property," the Court of Appeals in *Estes* found that it was required to use the balancing approach to determine "whether some condition on [the company's] property created an unreasonable risk of harm to the plaintiff despite this lack of contact." *Id.* The court affirmed the trial court's award of summary judgment after considering the proof submitted in support of and in opposition to the motion for summary judgment, writing:

> There is no proof in the record to indicate that Ms. Peels' vision was blocked—either by another vehicle or by any structure on the property—

when she exited the driveway. Thus, the fact that Peels pulled out in front of the plaintiff's vehicle is not attributable to any condition on Philips' property; Peels simply failed to yield to oncoming vehicles, in violation of her statutory duty. We conclude that there is nothing dangerous about the defendant's parking lot absent the failure of a driver to obey traffic laws and yield to oncoming traffic. Thus, the question becomes whether it was foreseeable to Philips that Peels would violate her statutory duty when exiting the plant. Upon reviewing the record, we conclude that such conduct was not foreseeable. Philips' manager of manufacturing services, Bill Petre, testified that over the past 40 years, the plant had employed an average of 800 employees a year and that there had never been an accident involving one of its employees leaving the plant. There is also no evidence to suggest that Philips was ever advised by anyone that the situation was dangerous or that there was a potential for this type of accident to occur. Thus, we conclude that it was not foreseeable to Philips that a person would attempt to exit the plant without yielding to oncoming traffic.

*Id.* (footnote and citation omitted).

We now turn to the case under review. In its order granting the TA Defendants' motion to dismiss, the trial court wrote that, according to Ms. Mershon's complaint, the hazardous condition was the limited visibility due to the roadway's topography. Our review of the amended complaint, however, reveals that Ms. Mershon asserts in paragraph 31 that the TA Defendants' "failure to place prominent and clearly visible signage at the truck only entrance of the TA truck stop posed a hazardous condition" to motorists traveling northbound turning into the truck stop as well as to motorists traveling southbound. Ms. Mershon does not allege, as the trial court found, that the road's topography created the hazardous condition. Ms. Mershon alleges in paragraphs 26 and 27 of her amended complaint that the TA Defendants owed a duty to its customers entering the truck stop from Long Lane to direct them to the appropriate entrance because it was reasonably foreseeable that a collision would occur if a vehicle other than a semi-trailer truck traveling north on Long Lane turned into the truck entrance due to the limited visibility of oncoming traffic traveling south along that road. In paragraph 29 of her amended complaint, Ms. Mershon asserts that the TA Defendants knew of the hazardous condition caused by its failure to place appropriate signage at the truck entrance of its truck stop.

Although the statements of fact in Ms. Mershon's amended complaint must be taken as true in ruling on a motion to dismiss, this rule does not apply to Ms. Mershon's allegations concerning the TA Defendants' duty, which is a question of law. *See Staples*, 15 S.W.3d at 89; *Rice*, 979 S.W.2d at 308. As discussed above, the determination of whether the TA Defendants owed Mr. Mershon and Mr. Page a duty of care requires a court to "balance the foreseeability and gravity of the potential risk of harm" to Mr.

Mershon against "the burden imposed on [the TA Defendants] in protecting against that harm." *Rice*, 979 S.W.2d at 308 (citing *McClung*, 937 S.W.2d at 902). If a court finds that the foreseeable probability and gravity of harm posed by the TA Defendants' failure to post visible signage directing passenger vehicles to the proper entrance outweighs the burden on the TA Defendants to post visible signage that might have prevented the harm that Mr. Mershon suffered, a court should find that the risk of harm to Mr. Mershon was unreasonable and gave rise to a duty upon the TA Defendants to act with due care. This balancing test cannot be undertaken on a motion to dismiss, however, because the courts are limited to looking no further than the pleadings to determine whether the plaintiff has stated a claim for which relief can be granted.

We hold that Ms. Mershon included sufficient factual allegations in her amended complaint to state a claim for negligence against the TA Defendants. The issue whether the TA Defendants owed Mr. Mershon a duty to place visible signage on its premises is a question of law that cannot be determined at this stage of the proceedings. Accordingly, we reverse the trial court's judgment granting the TA Defendants' motion to dismiss and remand for further proceedings consistent with this opinion.

## III. CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the appellees, HPT TA Properties Trust and TA Operating LLC, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE