IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2024 Session

## MELBA P. MERSHON, SURVIVING SPOUSE OF RONDELL M. MERSHON, EX REL. HYLAND M., ET AL. V. HPT TA PROPERTIES TRUST ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 2017-CV-121    Deana C. Hood, Judge**

_____

### No. M2023-01334-COA-R3-CV

_____

This is a wrongful death negligence action arising out of a fatal automobile collision that occurred on Long Lane, a public road in Franklin, Tennessee, which abuts a TA Travel Center. On October 6, 2016, Kenneth Page ("Mr. Page") was traveling northbound on Long Lane in a vehicle with his wife as passenger. As he began to turn left into the entrance of the TA truck stop marked for semi-trailer trucks ("the trucks only entrance"), where there was a limited view of oncoming traffic due to a hill that crested shortly ahead, Mr. Page was hit by Rondell M. Mershon ("Mr. Mershon"), who was traveling southbound on Long Lane on a motorcycle. The collision occurred on Long Lane before Mr. Page could enter the TA Travel Center. Mr. Mershon died soon after the collision. Mr. Mershon's wife, Melba P. Mershon, brought a wrongful death negligence action on behalf of herself and her two daughters (collectively, "Plaintiffs") against Mr. Page. She later amended the complaint to add the owner and operator of the TA Travel Center, HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America (collectively "the TA Defendants"), alleging that the TA Defendants created a hazardous condition by failing to display clearly visible signage at the "trucks only" entrance of the TA truck stop directing passenger vehicles to the proper entrance located a short distance down Long Lane. Thereafter, Plaintiffs settled their claims against Mr. Page, leaving the TA Defendants as the only defendants in the case. In 2017, the trial court granted the TA Defendants' Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim, finding that they owed no duty of care to Mr. Mershon. Plaintiffs appealed. In the first appeal of this action, we reversed the judgment of the trial court and remanded the case for further proceedings.[1] On remand, the TA Defendants filed a motion for summary judgment, arguing that Plaintiffs could not come forward with any evidence to show that they "owed a duty of care to Mr. Mershon related to the applicable sight distances and visibility of

---

[1] See *Mershon v. HPT TA Properties Tr.*, No. M2018-00315-COA-R3-CV, 2018 WL 5793564, at *7 (Tenn. Ct. App. Nov. 5, 2018).

signs on TA's property and that TA Defendants breached that duty." The trial court granted the motion for summary judgment, finding that Plaintiffs failed to present any genuine issues of material fact, and that the TA Defendants were entitled to judgment as a matter of law because Plaintiffs could show no evidence that the TA Defendants owed a duty to Mr. Mershon or that any act or omission of the TA Defendants constituted a cause in fact or proximate cause of Mr. Mershon's injuries. Plaintiffs appeal the trial court's grant of summary judgment in favor of the TA Defendants. For the reasons stated below, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which W. NEAL MCBRAYER, and KENNY W. ARMSTRONG, JJ., joined.

Colin B. Calhoun and Michael B. Moore, Nashville, Tennessee, for the appellants, Melba P. Mershon, surviving spouse of Rondell M. Mershon, and minors Hyland M. Mershon and Cadynce M. Mershon, by their mother and next friend, Melba B. Mershon.

Jessica Z. Barger, Edith M. Jamison, and Rachel B. Willroth, pro hac vice,[2] Houston, Texas, and Miles T. Martindale and Cory A. Chitwood, Brentwood, Tennessee, for the appellees, HPT TA Properties Trust and TA Operating LLC.

Shauna R. Billingsley and William Eugene Squires, Franklin, Tennessee, and Robert M. Burns, Nashville, Tennessee, for the appellee, the City of Franklin, Tennessee.[3]

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

As noted above, this is the second appeal of this wrongful death action arising from a fatal motor-vehicle accident. This court's opinion in the first appeal, *Mershon v. HPT TA Properties Tr.*, No. M2018-00315-COA-R3-CV, 2018 WL 5793564 (Tenn. Ct. App. Nov. 5, 2018) (hereinafter *Mershon I*), includes a succinct summary of the underlying facts and procedural history of this case prior to that appeal, which we restate here, in relevant part:

This case centers around a motor vehicle accident that occurred on October 6, 2016, when a motorcycle driven by Rondell M. Mershon collided

---

[2] On March 25, 2024, the trial court entered an order granting Jessica Z. Barger, Edith M. Jamison, and Rachel B. Willroth leave to appear pro hac vice pursuant to Tennessee Supreme Court Rule 19.

[3] On October 18, 2023, Robert M. Burns filed his notice of appearance in this case on behalf of the City of Franklin. However, the City of Franklin did not file an appellee brief, and on March 21, 2024, this court ordered that the appeal be submitted for a decision without a brief on behalf of the City of Franklin.

with a sports utility vehicle driven by Kenneth Page as Mr. Page was turning left into a truck stop owned and operated by HPT TA Properties Trust and TA Operating LLC d/b/a Travel Centers of America (collectively, "the TA Defendants"). The accident occurred around 9:25 a.m. as Mr. Mershon was traveling southbound on Long Lane, in Franklin, on his way to work. Mr. Page was traveling northbound on Long Lane, and he was in the center lane of the road. As Mr. Page attempted to turn left into the TA truck stop, Mr. Mershon crashed into the rear door of the sports utility vehicle on the passenger side. Mr. Mershon went into cardiac arrest and was pronounced dead shortly thereafter.

Mr. Mershon's wife, Melba P. Mershon, filed a complaint against Mr. Page on behalf of herself and her two young daughters, as wrongful beneficiaries of Mr. Mershon, and she later amended the complaint to add the TA Defendants as parties. Ms. Mershon settled her claims against Mr. Page, leaving the TA Defendants as the only defendants. Ms. Mershon's claim against the TA Defendants is for negligence. Ms. Mershon asserts that Mr. Page was turning into the entrance of the truck stop meant for semi-trailer trucks, not passenger vehicles, and that the accident would not have occurred if the TA Defendants had placed visible signs directing Mr. Page to the proper entrance for passenger vehicles. Ms. Mershon asserts in her complaint that passenger vehicles traveling northbound on Long Lane have limited visibility of vehicles traveling southbound at the location on Long Lane where semi-trailers are meant to turn into the truck stop due to a hill that crests a short distance ahead. The entrance into the truck stop meant for passenger vehicles is situated further north on Long Lane beyond the crest of the hill, where there is a clearer view of oncoming traffic.

The TA Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6). Because the collision occurred on a public roadway adjacent to their place of business, the TA Defendants argued they owed no duty to the traveling public to provide signs directing drivers into or out of its truck stop. The trial court agreed with the TA Defendants and dismissed Ms. Mershon's complaint, holding that the TA Defendants "owed no duty to Mr. Mershon because the hazardous condition that caused the collision did not exist on Defendants' property." According to the trial court:

> Plaintiff's loss is not attributable to a condition located on Defendants' property. According to her complaint, the hazardous condition is the limited visibility due to the topography of the roadway. Consequently, Defendants had no duty to warn persons entering its property of the condition. For this reason, the Court holds

- 3 -

that Plaintiff has failed to state a claim against Defendants as a matter
of law.

*Mershon I,* 2018 WL 5793564, at *1.

Plaintiffs appealed the trial court's grant of the TA Defendants' motion to dismiss. In *Mershon I*, we reversed the judgment of the trial court and remanded for further proceedings, holding that Plaintiffs included sufficient factual allegations in their complaint to state a claim for negligence and that "[t]he issue whether the TA Defendants owed Mr. Mershon a duty to place visible signage on its premises is a question of law that cannot be determined at this stage of the proceedings." *Id.* at *7. The Tennessee Supreme Court denied the TA Defendants' application for permission to appeal.

On remand, the TA Defendants filed their answer to Plaintiffs' first amended complaint, wherein they asserted, inter alia, the affirmative defense of comparative fault against the City of Franklin. On July 9, 2019, Plaintiffs filed their second amended complaint,[4] joining the City of Franklin as a defendant pursuant to Tennessee Code Annotated § 20-1-119(a).[5] The City of Franklin filed an answer in September 2019.

In April 2022, the TA Defendants filed a motion for summary judgment, alleging that Plaintiffs could not come forward with any evidence to show that they "owed a duty of care to Mr. Mershon related to the applicable sight distances and visibility of signs on TA's property and that TA Defendants breached that duty."

In a memorandum and order entered June 28, 2023, the trial court granted the TA Defendants' motion for summary judgment. The court noted that "the evidence in the record consists solely of one expert affidavit from each side and a handful of perfunctory

---

[4] Plaintiffs' second amended complaint is the operative pleading at issue in this appeal.

[5] Tennessee Code Annotated 20-1-119(a) provides as follows:

In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(A) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person[.]

discovery responses from the TA Defendants" and that the only source of admissible evidence of what Mr. Page "saw, thought, did, or how he reacted" on the day of the accident was a short statement provided to Franklin police by Mr. Page. The court concluded that the declaration testimony of Plaintiffs' expert witness, Robert E. Stammer, Ph.D., P.E. ("Dr. Stammer"), upon which Plaintiffs relied in asserting that there exist disputes of material fact, "contains assertions of which he did not have personal knowledge and were untrustworthy." Specifically, the court found that there was no evidence in the record that Mr. Page made any of the following assertions included in Dr. Stammer's declaration:

> "Mr. Page was confused by the lack of directions;" that "Mr. Page was not able to perceive the danger of the traffic situation;" that "Mr. Page's confusion increased his reaction time;" and that "Mr. Page was unaware that he was making a left turn into Driveway #2—the access point of ingress for commercial vehicles only."

The court found that Dr. Stammer's "many legal conclusions, while couched as facts or opinions, do not create material issues of fact." Consequently, the trial court determined that "any disputed facts presented by these parties are not material facts that would substantially assist the trier of fact, and thus there are no genuine issues of material fact in this case."

The court then turned its attention to whether the TA Defendants were entitled to judgment as a matter of law. The court found that, "as to foreseeability, it is an undisputed fact that the TA Defendants had no knowledge of any prior vehicle collisions on Long Lane in front of the entrance to their business." The trial court also noted that the TA Defendants had no authority "over the design, construction, or maintenance of Long Lane" or to "erect traffic control devices regarding vehicular traffic on Long Lane." Finding that "[t]here is no evidence in the record before this Court that the TA Defendants owed a duty of care to the Plaintiffs, nor any evidence that any act or omission of the TA Defendants constituted either a cause in fact, or proximate cause, of the Plaintiff's injuries[,]" the court determined that the TA Defendants were entitled to judgment as a matter of law.

The trial court's June 2023 memorandum and order did not resolve Plaintiffs' claim against the City of Franklin. Thus, Plaintiffs filed a motion to revise and certify the memorandum and order as a final judgment regarding the TA Defendants only, which the court granted pursuant to Tennessee Rule of Civil Procedure 54.02(1) on August 29, 2023.

Plaintiffs appeal the trial court's grant of summary judgment in favor of the TA Defendants.

## ISSUES

Although Plaintiffs present three issues on appeal,[6] we find two issues dispositive. One, whether the trial court abused its discretion by failing to consider the expert declaration testimony of Robert E. Stammer, Jr., Ph.D., P.E. presented by the Plaintiffs in opposition to the TA Defendants' motion for summary judgment. Two, whether the trial court erred in granting the TA Defendants' motion for summary judgment. The TA Defendants present no additional issues.

## STANDARDS OF REVIEW

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)).

> Generally, questions pertaining to the qualifications, admissibility, relevancy, and competency of expert testimony are matters left to the trial court's discretion. We may not overturn the trial court's ruling admitting or excluding expert testimony unless the trial court abused its discretion. A trial court abuses its discretion if it applies an incorrect legal standard or reaches an illogical or unreasonable decision that causes an injustice to the complaining party.

*Brown v. Crown Equip. Corp.*, 181 S.W.3d 268, 273 (Tenn. 2005) (citations omitted).

This court reviews a trial court's decision on a motion for summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.

---

[6] The issues as stated in Plaintiffs' brief read:

1. Whether the trial court erred in granting the TA Defendants' Motion for Summary Judgment.

2. In concluding that the TA Defendants did not owe Rondell M. Mershon a duty of care, whether the trial court erred by failing to balance the foreseeability of the potential harm to Mr. Mershon against the burden imposed on the TA Defendants in protecting against that harm.

3. Whether the trial court abused its discretion by failing to consider the expert declaration testimony of Robert E. Stammer, Jr., Ph.D., P.E., presented by the Plaintiffs in support of their opposition to the TA Defendants' Motion for Summary Judgment.

1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Rye*, 477 S.W.3d at 250).

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"The moving party has the burden of proving that its motion satisfies these requirements." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000) (citing *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991)). To do so, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 587 (Tenn. 1998); *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993)).

Once the moving party makes a properly supported motion, the burden shifts to the nonmoving party to demonstrate, "by affidavits or discovery materials, that there is a genuine, material fact dispute warranting a trial." *Byrd*, 847 S.W.2d at 211 (citations omitted). The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*Martin*, 271 S.W.3d at 84 (citations omitted). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Rye*, 477 S.W.3d at 265 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, the nonmoving party must demonstrate "the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the moving party." *Id.* Any evidence set forth to dispute the movant's statement of undisputed facts must be admissible in evidence. *City of Memphis v. Tandy J. Gilliland Fam., L.L.C.*, 391 S.W.3d 60, 65 (Tenn. Ct. App. 2012) (citing Tenn. R. Civ. P. 56.06).

In considering a motion for summary judgment, we must "view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002) (citing *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002)); *Byrd,* 847 S.W.2d at 215).

ANALYSIS

## I.  DR. STAMMER'S EXPERT OPINION

Plaintiffs contend that the trial court erred in disregarding the declaration testimony of their expert witness, Dr. Stammer. More specifically, they contend that the trial court improperly excluded the declaration testimony of Dr. Stammer because "nothing in Mr. Page's statements on record contradict Dr. Stammer's opinions and conclusions" and "there is no requirement under Tennessee Law that the testimony of a party or former party in a lawsuit explicitly affirm the opinions and conclusions of an expert[.]" The TA Defendants counter, stating that the trial court was within its discretion to exclude Dr. Stammer's testimony because "Dr. Stammer had no personal knowledge of the accident and the Pages' statements do not permit the inferences Dr. Stammer attempted to draw."

The admissibility of expert testimony is governed by Tennessee Rules of Evidence 702 and 703. *Crown Equip. Corp.*, 181 S.W.3d at 273. Rule 702 provides that "'[i]f scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.'" *Id.* Rule 703 provides, in relevant part: "'The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate a lack of trustworthiness.'" *Id.* at 273–74. Furthermore, Tennessee Rule of Civil Procedure 56.06 states, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, **shall set forth such facts as would be admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . **Expert opinion affidavits shall be governed by Tennessee Rule of Evidence 703**.

Tenn. R. Civ. P. 56.06 (emphasis added). And, as noted earlier, we review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Biscan*, 160 S.W.3d at 468.

In the instant case, Mr. Page provided the following written statement to the Franklin Police Department on the day of the accident at issue:[7]

---

[7] Mrs. Page, who was a passenger in the car, provided a brief statement to police in which she stated that she did not see anything.

When I came to the entrance of the T.A. Travel Center to turn left into travel center I slowed down to an almost stop. I looked forward to see if there was braking traffic. There was none. I looked left and there was a truck exiting the travel center that was stopped waiting to turn. I looked again forward to make sure traffic was clear. I proceeded to turn L into the travel center and felt and heard impact to right side of vehicle and saw pieces flying.

The above statement is the only evidence of Mr. Page's perception and state of mind at the time of the subject accident.[8] As the TA Defendants note, Dr. Stammer had no personal knowledge of what Mr. Page saw, thought, or did on the day of the accident. We conclude that there is nothing in Mr. Page's statement to support Dr. Stammer's conclusions that Mr. Page was "confused by the lack of directions," that his purported confusion "increased his reaction time," that he was "not able to perceive the danger of the traffic situation," or that he was "unaware that he was making a left turn into Driveway #2—the access point of ingress for commercial vehicles only." To the contrary, Mr. Page's statement merely describes how he looked both ways before turning into the truck stop. Accordingly, we find that Dr. Stammer made inferences in his declaration that had no basis in fact, which rendered his testimony untrustworthy.

As noted earlier, Tennessee Rule of Evidence 703 provides: "The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate a lack of trustworthiness." *Id.* Accordingly, the trial court acted within its discretion by disallowing the testimony of Dr. Stammer.

## II.    SUMMARY JUDGMENT

Plaintiffs contend that the trial court erred in granting the TA Defendants' motion for summary judgment based on its finding that there was no evidence in the record to establish two elements of Plaintiffs' negligence claim: duty and causation.

To prevail on a claim for negligence, a plaintiff must establish the following elements: "1) a duty of care owed by the defendant to the plaintiff; 2) conduct falling below the applicable standard of care amounting to a breach of that duty; 3) an injury or loss; 4) causation in fact; and 5) proximate, or legal, cause." *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (citing *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). "Once duty and breach of duty have been established, and an injury presented, the plaintiff must establish causation." *Id.*

We first address the element of duty, because without the establishment of duty, there can be no negligence. *Estes v. Peels*, No. E1999-00582-COA-R3-CV, 2000 WL

---

[8] Mr. Page is deceased, and there are no affidavits or depositions of his recall of the accident. The police report is the only record of Mr. Page's recollection of the accident.

1424808, at *3 (Tenn. Ct. App. Sept. 21, 2000) (citing *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)). Whether a defendant owes a duty of care to a plaintiff is a question of law for the court. *Howell v. Nelson Gray Enterprises*, No. E2019-00033-COA-R3-CV, 2019 WL 4127393, at *3 (Tenn. Ct. App. Aug. 30, 2019) (citing *Estes*, 2000 WL 1424808, at *3).

Our Supreme Court has defined the duty of care as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995) (citations omitted). A risk is unreasonable if "the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *Id.* (Restatement (Second) of Torts, § 291 (1964)).

In determining whether a risk is unreasonable, courts must consider the following factors:

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

*Id.* (citing Restatement (Second) of Torts, §§ 292, 293 (1964)). "The determination of whether a duty is owed requires a balancing of the foreseeability and gravity of the potential harm against the burden imposed in preventing that harm." *Bond v. Belle Meade Fund Partners, L.P.*, No. 01A01-9802-CV-00059, 1998 WL 775662, at *3 (Tenn. Ct. App. Nov. 9, 1998) (citing *McClung v. Delta Square Lt. P'ship*, 937 S.W.2d 891, 901 (Tenn. 1996)).

In premises liability cases, a plaintiff seeking to prevail against a property owner "must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).

Plaintiffs aver that, in determining whether the TA Defendants owed a duty of care, the trial court failed to "balance the foreseeability and gravity of the potential harm to [Mr. Mershon] against the burden imposed on the TA Defendants in protecting against that harm." Plaintiffs contend that, had the trial court properly conducted this balancing test, it "could have only reasonably concluded" that a vehicle collision at the subject intersection

was foreseeable "due to the lack of a prominent and clearly visible sign guiding and directing [passenger vehicles] to the correct entrance of the TA Travel Center" which could cause "driver confusion, resulting in a crash." They contend that the foreseeability and gravity of a vehicle collision outweighed the burden on the TA Defendants to "post the offending sign at issue closer to Long Lane as well as facing Long Lane, so that the sign would be visible to motorists."

In response, the TA Defendants contend that "without any evidence of foreseeability and without any ability of the TA Defendants to design, maintain, or erect traffic control devices on Long Lane, there was, as a matter of law, no duty of care owed by the TA Defendants."

In *Mershon I*, 2018 WL 5793564, at *5, this court noted that the facts of the instant case are analogous to those in *Estes v. Peels*, No. E1999-00582-COA-R3-CV, 2000 WL 1424808 (Tenn. Ct. App. Sept. 21, 2000). We agree and find *Estes* to be instructive in the present case because it too dealt with whether "an owner or occupier of premises may owe a duty to persons on a public thoroughfare adjacent to the [owner's] premises." *Id.* at *6.

In *Estes*, a driver traveling eastbound on a highway was hit by an employee of a company while the employee was pulling out of the company's parking lot and turning left into the westbound lane of the highway. *Estes*, 2000 WL 1424808, at *1. The exit from the company's parking lot allowed two vehicles to exit at once. *Id.* At the time of the accident, the employee was pulling out on the right side of the exit, and her view of eastbound traffic was obscured by a pickup truck that was pulling out concomitantly to her left. *Id.* The driver and her husband brought a negligence action against the company, claiming that the company had "failed to adequately control the access of its employees to the highway," which had resulted in its employees entering the highway without being able to see oncoming traffic. *Id.*

The company moved for summary judgment, which the trial court granted, finding that neither of the two affidavits submitted by the plaintiffs created a genuine issue of material fact, and concluding that the legal cause of the accident was Mr. Peel's conduct of pulling into the plaintiff's lane of traffic. *Id.* at *1–2. The court also concluded that the plaintiffs had failed to show that the company was on notice of a dangerous situation at the site of the accident or that it could have reasonably foreseen the plaintiff's injuries. *Id.* at *2. The plaintiffs appealed. On appeal, this court addressed the issue of whether "an owner or occupier of premises may owe a duty to persons on a public thoroughfare adjacent to the [owner's] premises." *Id.* at *5.

Quoting *De Ark v. Nashville Stone Setting Corp.*, 279 S.W.2d 518 (Tenn. Ct. App. 1955), the *Estes* court noted that, generally,

one who creates or maintains, on premises adjacent to a highway, a condition of such character that danger of injury therefrom to persons lawfully using the highway may or should, in the exercise of ordinary care, be foreseen or apprehended is under the duty or [sic] exercising reasonable care, by means of guards, barriers, or otherwise, to prevent such injury,....

*Id.* at \*6 (quoting *De Ark*, 279 S.W.2d at 521). However, unlike the plaintiff in *De Ark*, who was injured "when she fell into an excavation on the defendant's property which was adjacent to a public sidewalk[,]" the *Estes* court noted that the driver "did not enter onto [the company's] property, nor did she come into contact with any condition on the property." *Id.* \*5–6. Thus, in order to determine whether the company owed the driver a duty of care, the court found that it must determine whether a condition on the company's property created "an unreasonable risk of harm to the plaintiff despite this lack of contact[]" by balancing the foreseeability and gravity of the potential harm to the driver against the burden imposed on the company in preventing that harm. *Id.* at \*6.

The *Estes* court concluded that the plaintiffs had failed to establish that the company owed a duty of care, reasoning as follows:

The plaintiffs' argument, as it relates to the facts of this case, relies upon the assumption that a vehicle on the right-hand side of the driveway would not be able to see traffic on the highway coming from the left if a vehicle pulled up on the left-hand side of the driveway. The plaintiffs' theory, however, is not supported by the evidence in this case. There is no proof in the record to indicate that [the employee's] vision was blocked—either by another vehicle or by any structure on the property—when she exited the driveway. Thus, the fact that [the employee] pulled out in front of the plaintiff's vehicle is not attributable to any condition on [the company's] property; [the employee] simply failed to yield to oncoming vehicles, in violation of her statutory duty. We conclude that there is nothing dangerous about the defendant's parking lot absent the failure of a driver to obey traffic laws and yield to oncoming traffic. Thus, the question becomes whether it was foreseeable to [the company] that [the employee] would violate her statutory duty when exiting the plant. Upon reviewing the record, we conclude that such conduct was not foreseeable. [The company's] manager of manufacturing services, Bill Petre, testified that over the past 40 years, the plant had employed an average of 800 employees a year and that there had never been an accident involving one of its employees leaving the plant. There is also no evidence to suggest that [the company] was ever advised by anyone that the situation was dangerous or that there was a potential for this type of accident to occur. Thus, we conclude that it was not foreseeable to [the company] that a person would attempt to exit the plant without yielding to oncoming traffic.

Even if such conduct were foreseeable, however, we find that imposing a duty on [the company] to prevent a driver from pulling out on a highway without yielding to oncoming traffic would be an onerous burden. [The company] could not, without governmental approval, install lights or signs upon the highway to control traffic exiting its facility. The responsibility for the placement and maintenance of traffic controls on the public way rests with the government, not a private entity such as [the company]. . . . Finally, we note that despite any measures [the company] could have taken to limit the number of vehicles exiting its premises, [the company] still could not have prevented the plaintiff's injuries. [The company] had no control over the instrumentality that caused her injuries; it could not prevent [the employee] from failing to yield to oncoming traffic as she entered the highway.

*Id.* at \*6–7 (citations omitted) (footnote omitted).

Here, like the driver in *Estes*, neither Mr. Page nor Mr. Mershon entered or came into contact with the TA Defendants' property.[9] Thus, to determine whether the TA Defendants owed Mr. Mershon a duty of care, we must employ the balancing approach set forth above and decide whether a condition on the TA Defendants' property, specifically, the sign marking the entrance to the trucks only entrance, "created an unreasonable risk of harm to the plaintiff despite this lack of contact." *See Id.* at \*5–6. Based upon the limited evidence in the record, we find that it did not.

As mentioned above, Plaintiffs contend that the sign marking the trucks only entrance "created an unsafe and dangerous condition for motorists seeking ingress to the TA Travel Center." This argument is predicated on Plaintiffs' contention that the placement of the sign caused Mr. Page to be confused, which "increased his reaction time and heightened the probability of a crash[.]" However, as we concluded in the previous section, there is no evidence in the record that Mr. Page was confused by the subject sign at the time of the accident at issue.

Nor does the record indicate that Mr. Page's view of oncoming traffic was obstructed by any structure on the TA Defendants' property. Rather, Mr. Page's view of oncoming traffic was limited by a hill that crests shortly ahead of the trucks only entrance on Long Lane. And there is no evidence that the grade of this hill required the TA Defendants to post additional signage on their property; indeed, the TA Defendants

---

[9] As the TA Defendants' expert witness, J. Alan Parham, P.E. ("Mr. Parham") stated in his expert affidavit: "Evidence indicates the subject crash's area-of-impact was located solely within the relocated Long Lane. . . [i]n other words, the crash did not occur on any property that was within the TA's possession, custody, or control."

introduced evidence that the subject sign complied with "all applicable codes and ordinances[.]"

Accordingly, we find that the accident at issue was not attributable to any condition on the TA Defendants' property. Mr. Page simply failed to yield to Mr. Mershon's right of way, which was not foreseeable to the TA Defendants because, as is undisputed by the parties, this was the only vehicle crash known to have occurred at the subject intersection. *See id.* at *6; *see also Howell*, 2019 WL 4127393, at *5–6 (Finding that a vehicle accident was not foreseeable when there was no evidence of prior motor vehicle accidents at the subject intersection) (citation omitted). There is no evidence in the record that the TA Defendants were aware of a potentially dangerous situation at the subject intersection or that there was the potential for a vehicle accident like the one at issue here.

We further find that imposing a duty on the TA Defendants to prevent a motorist from failing to yield to oncoming traffic on Long Lane would be an onerous burden. *See Estes*, 2000 WL 1424808, at *7; *see also Howell*, 2019 WL 4127393, at *6. Long Lane, the public thoroughfare on which the accident occurred, is owned and controlled by the City of Franklin. As this court found in *Estes*, "the responsibility for the placement and maintenance of traffic controls on the public way rests with the government, not a private entity[.]" *Estes*, 2000 WL 1424808, at *7 (citing *Gorman v. Earhart*, 876 S.W.2d 832, 836 (Tenn. 1994); Tenn. Code Ann. § 55-8-113 (1998)). And even if the TA Defendants had the ability to install such traffic control devices on Long Lane,[10] they could not prevent Mr. Page from failing to yield to oncoming traffic. *See Id.*

We therefore agree with the trial court's finding that Plaintiffs failed to present sufficient evidence to show that the TA Defendants owed Mr. Mershon a duty of care. Because we have affirmed the court's finding of no duty, we need not address the causation element of Plaintiffs' negligence claim. *See Id.* at *3 ("[W]ithout the establishment of duty, there can be no negligence.") (citing *Doe*, 845 S.W.2d at 178); *see also Howell*, 2019 WL 4127393, at *6 ("Because we affirm the trial court's decision that Appellees owed no duty of care toward Appellants, we need not address the proximate cause element.").

Accordingly, we affirm the summary dismissal of the claims against the TA Defendants.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion. Costs of appeal are assessed against Plaintiffs.

---

[10] Mr. Parham opined that the sign marking the trucks only entrance "was not a traffic control device."

_____
FRANK G. CLEMENT JR., P.J., M.S.